[Crim. No. 3551. First Dist., Div. One. May 25, 1959.]

THE PEOPLE, Respondent, v. SETH BLAKEMAN, Appellant.

Carlson, Collins, Gordon & Bold, Robert Collins and John Ormasa for Appellant.

Stanley Mosk, Attorney General, Clarence A. Linn, Assistant Attorney General, Raymond M. Momboisse, Deputy Attorney General, Francis W. Collins, District Attorney (Contra Costa), and David Levy, Deputy District Attorney, for Respondent.

WOOD (Fred B.), Acting P. J.—Upon an information charging violation of section 702, Welfare and Institutions Code, defendant pleaded guilty to the lesser charge of assault and battery and proposed that as part of any sentence he would leave the community. It was adjudged that he pay a fine of $500 and be imprisoned one year in the county jail, providing that the imposing of the jail sentence be suspended upon the condition that he absent himself from the county.

Ten months later, after a hearing, the trial court found that the defendant had violated said condition and, for that reason, revoked probation by terminating the suspension of sentence.

In support of his appeal, defendant says the order revoking probation was void because (1) the condition imposing banishment was void and (2) the order of revocation was made after the probationary period had expired.

(1) *Was it error to revoke probation on the ground that defendant violated the condition of probation that defendant absent himself from the county? Yes.*

It was beyond the power of the court to impose banishment as a condition of probation. The provision therefor was a void and separable part of the order granting probation. Revocation of probation upon the sole ground of violation of such a void provision was without authority in law and should be reversed.

In *In re Scarborough,* 76 Cal.App.2d 648 [173 P.2d 825], an order suspending sentence on condition of banishment for two years was deemed the granting of probation upon a void condition. It was void because there was no statutory authority for it and banishment is proscribed by the fundamental policy of not permitting one political division to dump undesirable persons upon another. Said the court: ''The same principle

which prohibits the banishment of a criminal from a state or from the United States applies with equal force to a county or city. The old Roman custom of ostracizing a citizen has not been adopted in the United States. The so-called 'floating sentence,' too frequently resorted to in some inferior courts, falls in the same category. There is no statute in California authorizing such judgments.'' (P. 650. See also the authorities cited on p. 649 of 76 Cal.App.2d, and 15 Am.Jur. 112, Crim. Law, § 453.) This void condition was deemed separable from other provisions of the order. Accordingly, defendant was entitled to his freedom upon probation until revocation of probation for lawful reasons.

Counsel for plaintiff contends that the policy against banishment is not as sweeping and unqualified as expressed by the court in the Scarborough case. He says that in the case now before us another public policy, that of rehabilitating the defendant by removing him for a time from the temptations to which he was subjected in his old habitat, comes into play and modifies or qualifies the policy against banishment. We find in the reasoning which supports the latter policy and the decisions expounding it no basis for any such qualifying or modifying factors. The question whether the Legislature could modify this policy is not before us, for it has not undertaken to do so.

■ Plaintiff further contends that defendant waived the right to urge the invalidity of the banishment clause by suggesting banishment and receiving the benefit of the probation which was conditioned upon banishment. The fallacy of this argument is that we are not dealing with a right or privilege conferred by law upon the litigant for his sole personal benefit. We are concerned with a principle of fundamental public policy. The law can not suffer the state's interest and concern in the observance and enforcement of this policy to be thwarted through the guise of waiver of a personal right by an individual. ''Any one may waive the advantage of a law intended for his benefit. But a law established for a public reason cannot be contravened by a private agreement.'' (Civ. Code, § 3513.) ■ ''Although a defendant may waive rights which exist for his own benefit, he may not waive those which belong also to the public generally.'' (*People* v. *Werwee*, 112 Cal.App.2d 494, 500 [246 P.2d 704].) ■ A defendant may waive formalities established for his protection but not that which is essential to a valid judgment. (*People* v. *Titus*, 85 Cal.App. 413, 416 [259 P. 465].) ■ Lack of jurisdiction may

not be waived, nor may jurisdiction be stipulated. (*In re Garrity,* 97 Cal.App. 372, 376 [275 P. 480]. See also 14 Am. Jur. 917-918, Crim. Law, § 214; 7 Cal.Jur. 897, Crim. Law, § 45.)

*In re Martin,* 82 Cal.App.2d 16 [185 P.2d 645], invoked by plaintiff in support of its waiver theory, is inapplicable for a number of reasons. There, probation had been erroneously granted. Because of several prior convictions defendant was not entitled to probation. Later, probation was revoked because of violation of the terms and conditions upon which probation had been granted. The reviewing court held it proper to revoke whether for those reasons or because erroneously granted in the first place. The defendant then contended it was now too late to impose sentence because the time prescribed therefor by section 1191 of the Penal Code had gone by. But that time had not gone by. It was tolled by statute during the pendency of probation proceedings. Also, the time limited by section 1191 was deemed not jurisdictional. (See pp. 18 and 19 of 82 Cal.App.2d.) The court did additionally say that by seeking, obtaining and enjoying the benefits of probation, the petitioner estopped himself from questioning, for the first time on habeas corpus, the delayed imposition of sentence which resulted. The holdings in the Martin case obviously have no bearing upon the questions now before us for determination.

■ (2) *Did the court lose jurisdiction to revoke probation after the six months' probationary period had expired? Yes.*

Here, no period of probation was specified in the order granting it. Accordingly, the six months' maximum period of punishment (Pen. Code, § 243) became the period of probation. (*In re Herron,* 217 Cal. 400, 405 [19 P.2d 4]; *In re Goetz,* 46 Cal.App.2d 848, 851 [117 P.2d 47]; *People* v. *Sheeley,* 159 Cal.App.2d 578, 581 [324 P.2d 65].) Plaintiff argues that when the court imposed a sentence of one year (excessive by six months) and immediately suspended it, the court indicated an intent to give probation for one year. We are not persuaded, particularly in view of the established principle that when the probationary period is not specified it is deemed to be for the maximum possible period of imprisonment.

The court had authority "at any time during the term of probation to revoke, modify, or change its order of suspension of imposition or execution of sentence." (Pen. Code, § 1203.3.)

■ "Revocation of probation or modification of an order suspending execution of sentence must be exercised within the

term of probation. (Pen. Code, § 1203.3; *People* v. *Williams,* 24 Cal.2d 848, 852 [151 P.2d 244] ; *People* v. *McClean,* 130 Cal.App.2d 439, 444 [279 P.2d 87] . . .'' (*Fayad* v. *Superior Court,* 153 Cal.App.2d 79, 81 [313 P.2d 669].)

In this case the order of revocation, made four months after the expiration of the probationary period, came too late to be effective.

The order appealed from is reversed.

Tobriner, J., and Hanson, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.