[Crim. No. 13138.    Second Dist., Div. Five.    Dec. 4, 1967.]

THE PEOPLE, Plaintiff and Respondent, v. MERCEDES DOMINGUEZ, Defendant and Appellant.

Richard S. Buckley, Public Defender, Floyd W. Davis and James L. McCormick, Deputy Public Defenders, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Robert H. Francis, Deputy Attorney General, for Plaintiff and Respondent.

HUFSTEDLER, J.—Appellant appeals from an order revoking probation and from the judgment pronounced and ordered executed on October 27, 1966.

The question presented is the validity of the condition of probation that appellant "not . . . become pregnant without being married." The sole basis for revocation of probation was that appellant had become pregnant without being married.

## Summary of the Record

Appellant was found guilty of second degree robbery. On January 21, 1965, appellant was driving an automobile in the

company of two young women. Appellant's companions robbed a liquor store and after the robbery the appellant drove them away from the scene of the crime. Appellant's conviction is not challenged on the merits. Probation and sentence hearing was set for May 13, 1965. The probation report included the following facts: Appellant, then 20 years old, had two small children and was pregnant. Appellant had never been married. She had been receiving aid from the Bureau of Public Assistance since her first pregnancy. Prior to the offense of which she was convicted she had had no conflict with the law. The probation officer recommended that appellant be granted probation on specified conditions, not including the challenged condition.

At the probation and sentence hearing on May 13, 1965, the same trial judge who ultimately revoked probation read to appellant and her counsel the conditions of probation. In explaining the conditions of probation the court said, "The third condition is that you are not to live with any man to whom you are not married and you are not to become pregnant until after you become married. Now this will develop by just becoming pregnant. You are going to prison unless you are married first. You have already too many of those. Do you understand that [sic] I am saying?" The appellant replied affirmatively. The court then stated, "Do you know where the Planned Parenthood Clinic is?" The defendant said she did not. The court said, "If you insist on this kind of conduct you can at least consider the other people in society who are taking care of your children. You have had too many that some others are taking care of other than you and the father."

On February 3, 1966, the court received a supplemental probation report stating that appellant had made good progress on probation. "She remains in the home caring for her family most of the time, keeps the home clean, manages her money well. . . ." The probation officer recommended continued probation. Pursuant to a direction for a further progress report, appellant's probation officer in October of 1966 reported that appellant was still unmarried and again pregnant. The probation officer stated that appellant continued to be cooperative, that she was interested in the welfare of her children, and that there was no evidence of any illegal activities. The probation officer recommended that probation be modified by ordering defendant to serve a few days in custody, all other conditions to remain unchanged. Thereafter,

appellant and her counsel reappeared in court on October 27, 1966.

Appellant's counsel told the court that appellant had been a good mother to her children, her household was adequately maintained and the children were adequately cared for. He also informed the court that she had received advice on contraception from a private doctor. The court stated: "Start mentioning the responsibility or lack of it insofar as supporting the children she now has and the ability to support the one she is having. . . . She is abandoning that responsibility to somebody else. . . ." The court added, "It appears to me this woman is irresponsible; she is foisting obligations upon others, and one of the objectives of probation is to teach and encourage responsibility in all phases including the economics of life and being able to support the dependents who will naturally flow from this sort of conduct. She is clearly in violation of probation. It appears to me that probation is not serving any useful purpose."

Appellant's counsel urged upon the court that appellant's pregnancy was not a willful disregard of the conditions of probation. In response the court stated, "She understands what causes it and how to prevent it. And her own statement to the probation officer is that she started going with this man, dating him, for some time, for a number of months. She saw him steadily and did not have intercourse with him; then she started having intercourse but always used birth control. For some reason the birth control medication was not effective and now she expects a child. This is outside the benefits of marriage. This was clearly explained at the time and this was the chance she wanted to take—of having a child outside of marriage; that if so then she was going to prison. I do not intend to go back on what I said."

Appellant's counsel requested a stay of execution for one week to enable appellant to make suitable arrangements for the shelter and protection of her small children and to permit appellant "time to explain and try to condition these children for the psychic shock of suddenly losing their mother." The court responded, "I don't think she is capable of doing that," and denied stay of execution.

### Challenged Condition Void

The trial court has very wide discretion in setting the conditions of probation, but its discretion is not boundless. Discretion in granting or withholding probation "must be

impartial, guided by 'fixed legal principles, to be exercised in conformity with the spirit of the law.' (*People* v. *Jones*, 87 Cal.App. 482, 493-499 [262 P. 361].)'' *People* v. *Wade* (1959) 53 Cal.2d 322, 338 [1 Cal.Rptr. 683, 348 P.2d 116].

■ Section 1203.1 of the Penal Code sets the limits of the trial court's discretion in imposing conditions of probation. That section of the code provides in pertinent part: ''The court may impose and require any or all of the above-mentioned . . . conditions and *other reasonable conditions*, as it may determine are fitting and proper to the end that justice may be done, that amends may be made. to society for the breach of the law, for any injury done to any person resulting from such breach and generally and specifically for the reformation and rehabilitation of the probationer. . . .'' (Italics added.)

A condition of probation which (1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality does not serve the statutory ends of probation and is invalid.

■ Appellant's future pregnancy was unrelated to robbery. Becoming pregnant while unmarried is a misfortune, not a crime. Appellant's future pregnancy had no reasonable relationship to future criminality. It is certainly not pragmatically demonstrable that unmarried, pregnant women are disposed to commit crimes. There is no rational basis to believe that poor, unmarried women tend to commit crimes upon becoming pregnant. Contraceptive failure is not an indicium of criminality.

Some unusual conditions of probation have been upheld in California, but none of them is comparable to the challenged condition. The most extreme case is *People* v. *Blankenship* (1936) 16 Cal.App.2d 606 [61 P.2d 352], the authority of which is dubious today, in which the condition of probation was the submission of the offender to a sterilization operation. The offender had been convicted of rape and he was afflicted with syphilis. In *People* v. *Osslo* (1958) 50 Cal.2d 75 [323 P.2d 397], the court upheld the condition of probation requiring the offender to refrain during the probationary period from holding any union position or receiving remuneration from any union. The Supreme Court stated: '' [S]ince it could be and presumably was found that these defendants are

guilty of crimes growing out of union activities, it appears not improper that restrictions be placed upon such activities as a condition of probation.'' (50 Cal.2d at p. 103.) In *People* v. *Stanley* (1958) 162 Cal.App.2d 416, 421 [327 P.2d 973], a condition of probation requiring defendant to refrain from having a telephone in his home or on property under his control was upheld where the crime of which he was convicted was bookmaking by telephone. *People* v. *Frank* (1949) 94 Cal. App.2d 740 [211 P.2d 350], imposed a condition that defendant abstain from practicing medicine. The defendant was a pediatrician convicted of a lewd act on a 10-year-old girl who at the time of the offense was in a plaster cast.

If the condition of probation is not directly related to the crime, the condition may be invalidated. Thus, in *People* v. *Williams* (1966) 247 Cal.App.2d 394 [55 Cal.Rptr. 550], a condition of probation was stricken down which required defendant to make reparation to a person who was not the victim of the offense of which the defendant was convicted. The court observed, ''The trial judge may not be required to achieve in all cases the sublime results sought by Gilbert's Mikado, but in this case, the effort 'to let the punishment fit the crime,' cannot be supported by authority conferred by statute or existing precedents.'' (247 Cal.App.2d at pp. 409-410.)

Banishment as a condition of probation is void. A court is not permitted to shift the public burden of taking care of persons who the court believes are undesirable by ostracizing an offender in the guise of granting him probation. (*People* v. *Blakeman* (1959) 170 Cal.App.2d 596, 597 [339 P.2d 202]; *In re Scarborough* (1946) 76 Cal.App.2d 648, 650 [173 P.2d 825].)

Both implicit and explicit in this record is the court's motivation in imposing the challenged condition of probation: The motive was to prevent the appellant from producing off-spring who might become public charges. The burden upon the taxpayers to maintain illegitimate children at the public expense is a grave problem, but a court cannot use its awesome power in imposing conditions of probation to vindicate the public interest in reducing the welfare rolls by applying unreasonable conditions of probation. The interest of the public in saving money for the taxpayers is by no means the same thing as the public interest in the reformation and rehabilitation of offenders. Probation orders are not merely bookkeeping arrangements. The challenged condition of probation is void.

## No Waiver of Void Condition

■ Appellant did not waive the right to urge the invalidity of the condition of probation by accepting the benefit of probation. "[W]e are not dealing with a right or privilege conferred by law upon the litigant for his sole personal benefit. We are concerned with a principle of fundamental public policy. The law can not suffer the state's interest and concern in the observance and enforcement of this policy to be thwarted through the guise of waiver of a personal right by an individual. 'Any one may waive the advantage of a law intended for his benefit. But a law established for a public reason cannot be contravened by a private agreement.' (Civ. Code, § 3513.) 'Although a defendant may waive rights which exist for his own benefit, he may not waive those which belong also to the public generally.' (*People* v. *Werwee,* 112 Cal. App.2d 494, 500 [246 P.2d 704].)" *People* v. *Blakeman, supra,* 170 Cal.App.2d at p. 598.

■ Conditions of probation which are not authorized by law are severable from and do not affect the valid conditions of the order. (*People* v. *Mason* (1960) 184 Cal.App. 2d 182, 187 [7 Cal.Rptr. 525].) The orders revoking probation and executing judgment are reversed. So much of the order admitting appellant to probation as creates a condition that she shall not become pregnant while unmarried is stricken. Appellant is entitled to her freedom on probation unless it is revoked for lawful reasons.

Kaus, P. J., and Stephens, J., concurred.