Opinion
COOPERMAN, J.
Following the entry of his plea of guilty to a charge of violating Vehicle Code section 23152, subdivision (a) (driving under the influence), defendant was placed on summary probation for 36 months on certain specified terms and conditions. Among these conditions was the suspension of defendant’s driver’s license for a period of seven days. On appeal, defendant challenges this condition of his probation on the grounds that the trial court lacked discretion to order the suspension of his license as a condition of probation and that, even if the court had the discretion to impose such a condition, it abused its discretion in this case by failing to consider defendant’s individual circumstances.
Vehicle Code section 23160,[1] subdivision (c) provides that, where a person is convicted of a first violation of Vehicle Code section 23152, “[t]he court shall order the department to suspend the privilege to operate a motor vehicle of a person punished under this section for six months pursuant to paragraph (1) of subdivision (a) of Section 13352.”
Section 13352, subdivision (a), paragraph (1) provides as follows: “(a) The department shall, immediately suspend or revoke the privilege of any person to operate a motor vehicle upon receipt of a duly certified abstract of the record of any court showing that the person has been convicted of a violation of Section 23152 or 23153, or upon receipt of a report of a judge of the juvenile court, a juvenile traffic hearing officer, or a referee of a juvenile court showing that the person has been found to have committed a violation of Section 23152 or 23153. For the purposes of this section, suspension or revocation shall be as follows:
“(1) Upon a conviction or finding of a violation of Section 23152 punishable under Section 23160, the privilege shall be suspended for a period of six months if the court orders the department to suspend the privilege.”
*Supp. 14 However, while conceding that these sections authorize the court to order the suspension of an individual’s driver’s license upon a conviction of section 23152, defendant contends that these provisions are not applicable where the defendant has been placed on probation. In support of this position, defendant points to section 23161, which sets forth the conditions of probation applicable to individuals punished under section 23160. Section 23161 provides as follows: “If the court grants probation to any person punished under Section 23160, in addition to the provisions of Section 23206, the court shall impose as conditions of probation that the driver shall participate in, and successfully complete, a driver improvement program or a treatment program for persons who are habitual users of alcohol or drugs, or both of these programs, as designated by the court, in any county where the county alcohol program administrator has certified and the board of supervisors has approved such a program or programs. The court shall also impose as a condition of probation that the person be subject to one of the following:
“(a) Be confined in the county jail for at least 48 hours but not more than six months and pay a fine of at least three hundred seventy-five dollars ($375) but not more than five hundred dollars ($500).
“(b) Pay a fine of at least three hundred seventy-five dollars ($375) but not more than five hundred dollars ($500) and have the privilege to operate a motor vehicle restricted for 90 days to necessary travel to and from that person’s place of employment and, if driving a motor vehicle is necessary to perform the duties of the person’s employment, restricted to driving in that person’s scope of employment.”
Since this section does not provide for the suspension of the defendant’s license, defendant argues that the court has no discretion to order such a suspension where defendant has been placed on probation, despite the broad language contained in section 23206, subdivision (b), which states that, if a person is convicted of a violation of 23152 and is granted probation, “the terms and conditions of probation shall include, but not be limited to,” a time of probation of three years. We disagree with defendant’s interpretation of these provisions.
A sentencing court has broad discretion in prescribing conditions of probation pursuant to Penal Code section 1203.1. People v. Keller (1978) 76 Cal.App.3d 827, 831 [143 Cal.Rptr. 184]. Under that section, a court may impose any “ ‘reasonable conditions, as it may determine are fitting *Supp. 15 and proper to the end that justice may be done.’ ” Accordingly, a condition of probation will not be held invalid unless it “ ‘(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality.’” (People v. Keller, supra, at p. 833; People v. Dominguez (1967) 256 Cal.App.2d 623, 627 [64 Cal.Rptr. 290].)
This discretion with which the sentencing court is vested in prescribing the conditions of probation is in no way abrogated by section 23161 which, when read together with section 23206, subdivision (b), sets forth only the minimum conditions which must be imposed where probation is granted following a conviction of section 23152. Further, it cannot be said that the suspension of a driver’s license is not sufficiently related to the crime of driving while under the influence, especially in view of the fact that the court must order the suspension of the driving privilege for six months pursuant to sections 13352 and 23160, supra. Thus, we find that it was within the discretion of the trial court to suspend defendant’s license for seven days as a condition of probation.
We also find no merit in defendant’s contention that the trial court abused its discretion in ordering the suspension in the instant case. According to defendant, the court imposed the seven-day suspension pursuant to a general practice of that court without regard to defendant’s occupation and individual needs. Thus, defendant contends that the trial court failed to consider the fact that defendant is in business for himself as a gardener and must drive from job to job and transport equipment in his truck.
Our reading of the record on appeal reveals that, while acknowledging the existence of a general policy with respect to the suspension of licenses, the court also stated that exceptions are made in individual cases. The court further stated that the fact that defendant drives for a living was of no significance in determining whether the suspension was appropriate in this case, in that most people would experience a hardship as a result of having their license suspended and, that the seven-day suspension was not an abuse of discretion since the court was authorized to suspend defendant’s license for as long as six months. Thus, the court did in fact consider the evidence before it and did exercise some discretion in light of such evidence. Under these circumstances, the failure to draw a distinction between one who earns a living as a truck driver and one who merely drives for pleasure did not constitute an abuse of discretion. (See Murphy v. Department of Motor Vehicles (1978) 86 Cal.App.3d 119 [150 Cal.Rptr. 20].)
*Supp. 16 The order suspending defendant’s license as a condition of his probation is affirmed.
Foster, P. J., and Bernstein, J., concurred.

All references are to the Vehicle Code unless specified otherwise.