ARABIAN, J.
I concur in the rule of practicality formulated by the majority. I write separately to emphasize certain fundamental principles of due process implicit in its premise.
1. Procedural due process.
This case arises in the context of a felony conviction. As the majority explain, the statutory scheme governing imposition of felony probation is extensive and quite thorough, requiring a probation report as well as express notice of its recommendations and a hearing thereon. (Pen. Code, § 1203, subd. (b).) The contents of the probation report are also statutorily prescribed and specified in detail. {Ibid)
In significant contrast, the law does not mandate a comparably rigorous procedure for the imposition of misdemeanor probation. The applicable statute, Penal Code section 1203, subdivision (d), provides as follows: “In every case in which a person is convicted of a misdemeanor, the court may *239 either refer the matter to the probation officer for an investigation and a report or summarily pronounce a conditional sentence. If such a case is not referred to the probation officer, in sentencing the person, the court may consider any information concerning the person which could have been included in a probation report. The court shall inform the person of the information to be considered and permit him or her to answer or controvert such information. For this purpose, upon the request of the person, the court shall grant a continuance before the judgment is pronounced.” (See also § 1203b [trial court not required to refer misdemeanor case to probation officer prior to imposing conditional sentence].)
If fully implemented, the foregoing provisions would satisfy the due process mandate of notice and hearing in the misdemeanor context. However, the reality of busy municipal arraignment and master calendar courts, where defendants frequently plead guilty and receive summary probation without counsel, may not always conform to this ideal. (Cf. People v. Avol (1987) 192 Cal.App.3d Supp. 1 [238 Cal.Rptr. 45] [without notice to parties, trial court conducted ex parte inspection of slumlord’s apartment building prior to modifying probation].) While the statutory scheme in felony cases incorporates numerous safeguards preserving the defendant’s ability to contest an objectionable probationary condition in a timely manner, the less exacting provisions applicable to misdemeanors may as a practical matter reduce or eliminate any meaningful notice or opportunity to object. Since a finding of waiver presumes constitutionally sound procedures, the rule announced today should not preclude a challenge on appeal or collateral attack in the absence of such notice and opportunity. (Cf. People v. Walker (1991) 54 Cal.3d 1013, 1025 [1 Cal.Rptr.2d 902, 819 P.2d 861] [waiver of right to withdraw guilty plea in conjunction with plea bargain necessitates compliance with procedures set forth in Pen. Code, § 1192.5]; In re Tahl (1969) 1 Cal.3d 122, 130-132 [81 Cal.Rptr. 577, 460 P.2d 449] [waiver of rights with respect to guilty plea requires express advisement thereof]; see also People v. Surplice (1962) 203 Cal.App.2d 784, 792 [21 Cal.Rptr. 826] [no waiver of objection where trial court relied on ex parte statements in denying probation].)
2. Vindictiveness.
If the trial court determines in the proper exercise of its discretion that it cannot achieve the rehabilitative goals of probation without imposing an objectionable condition, then it will be fully justified in denying probation on that basis if the defendant declines to accept it. On rare occasion, however, the trial court may respond to a defendant’s valid objection by improperly refusing to grant probation on the remaining, adequate terms and *240 conditions. With all due respect for the integrity of bench officers, the reality is that on occasion a defendant’s invocation of constitutional rights may impair judicial objectivity. (Cf. People v. Morales (1967) 252 Cal.App.2d 537, 546 [60 Cal.Rptr. 671] [trial court abused discretion in imposing more severe sentence because defendant availed himself of right to trial]; People v. Miller (1931) 112 Cal.App. 535, 539 [297 P. 40] [abuse of discretion in denying probation because defendant invoked right to jury trial].)
Without necessarily anticipating impropriety, I think it salutary nevertheless to sound a cautionary note that any appearance of vindictiveness in this context is subject to scrutiny; and reviewing courts should not be reluctant to fashion appropriate remedies when warranted. (Cf. People v. Thornton (1971) 14 Cal.App.3d 324, 326-327 [92 Cal.Rptr. 327] [absent new facts, abuse of discretion to impose prison term on retrial if defendant originally granted probation; North Carolina v. Pearce (1969) 395 U.S. 711, 726 [23 L.Ed.2d 656, 670, 89 S.Ct. 2072] [more severe sentence on retrial following successful appeal “must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding”].)
3. Scope of waiver rule.
As the majority imply, in most instances the waiver rule will apply because the challenged probationary condition is simply unreasonable, not unlawful. (Maj. opn., ante, pp. 235-236.) Nevertheless, when legal error is demonstrable, countervailing considerations may perforce circumscribe the scope of the rule, and the absence of an objection may not always insulate the condition from appellate review or collateral attack.
For example, in People v. Dominguez (1967) 256 Cal.App.2d 623 [64 Cal.Rptr. 290], the trial court granted the defendant probation on the condition she not become pregnant unless she were married. (Id., at p. 625.) The Court of Appeal reversed an order revoking probation for violation of this condition, finding it bore no relation to the defendant’s past crime or her future criminality. (Id., at p. 627.) It also clearly infringed her constitutional privacy interests to an unacceptable degree. (Cf. Roe v. Wade (1973) 410 U.S. 113 [35 L.Ed.2d 147, 93 S.Ct. 705]; Griswold v. Connecticut (1965) 381 U.S. 479 [14 L.Ed.2d 510, 85 S.Ct. 1678]; Skinner v. Oklahoma (1942) 316 U.S. 535 [86 L.Ed. 1655, 62 S.Ct. 1110].) In People v. Blakeman (1959) 170 Cal.App.2d 596 [339 P.2d 202], the trial court required the defendant to “absent himself from the county” as a condition of probation. (Id., at p. 597.) In overturning an order of revocation, the Court of Appeal recognized that “banishment is proscribed by the fundamental policy of not permitting one political subdivision to dump undesirable persons upon another.” (Ibid.)
*241 As these cases illustrate, legal error in the imposition of probationary conditions can arise, implicating fundamental principles of policy and constitutional guaranties. In those limited circumstances, the prerequisite of an objection to appellate review would frustrate rather than subserve the interests of justice; and I do not understand the majority rule to impose such a formalistic impediment.
Kennard, J., concurred.