Filed 3/7/14  In re S.M. CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SECOND APPELLATE DISTRICT

### DIVISION TWO

| | |
|---|---|
| In re S.M., a Person Coming Under the Juvenile Court Law. | B249293 |
| | (Los Angeles County Super. Ct. No. KJ37945) |
| THE PEOPLE OF THE STATE OF CALIFORNIA, Plaintiff and Respondent, v. S.M., Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Geanene Yriarte, Judge.  Affirmed as modified.

Mary Bernstein, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette and Lance E. Winters, Assistant Attorneys General, Scott A. Taryle and Michael C. Keller, Deputy Attorneys General, for Plaintiff and Respondent.

Appellant S.M. (minor) appeals from an order of the juvenile court placing her on informal probation for six months. She challenges the three drug related terms of her probation and contends that the juvenile court erred in relying on a hearsay statement in the probation report filed in a previous case. We agree that the condition requiring blood tests of minor was unauthorized, though we reject minor's remaining contentions. We find the appeal is not moot, and we affirm the judgment as modified.

## BACKGROUND

After a petition was filed pursuant to Welfare and Institutions Code section 602,[1] alleging that minor had committed a misdemeanor battery while on school, hospital, or park grounds, minor admitted the allegation. On May 7, 2013, without declaring the minor a ward of the juvenile court, the court placed minor on informal probation for six months as authorized by section 725, subdivision (a), and scheduled a progress hearing for November 5, 2013.

Among other conditions of probation, the juvenile court ordered minor to "cooperate in a plan to control the abuse of alcohol, controlled substances, or poisons"; to "submit to urinalysis and skin checks as directed by the probation officer to detect the use of narcotics and controlled substances"; and to "submit to testing of blood, breath, or urine to detect the use of alcohol, narcotics, controlled substances, or poisons whenever requested by any peace officer."

Minor filed a timely notice of appeal.

## DISCUSSION

### I. Mootness

Respondent contends that minor's appeal is moot, because the six-month probationary period has passed and the probation order was "set to expire by its own terms on November 5, 2013." We agree that six months have elapsed since minor was placed on probation; however we are unable to find the probation order's "own terms"

---

[1]    All further statutory references are to the Welfare and Institutions Code, unless otherwise indicated.

setting an automatic expiration date. The juvenile court scheduled a progress hearing for November 5, 2013, and ordered all parties to appear at that time. If minor violated any terms of probation during the meantime, the court retained the authority to adjudge minor a ward of the juvenile court. (§ 725, subd. (a).) Nevertheless, respondent has not sought to augment the record on appeal with the minutes of any date after entry of the order of May 7, 2013. Respondent has thus established only a possibility that the appeal is moot.

Although a minor has the right to appeal from an order for informal supervision without wardship (*In re Do Kyung K*. (2001) 88 Cal.App.4th 583, 589), the short, six-month probationary period would almost always preclude appellate review if the appeal automatically became moot after that time had elapsed. Thus, the appellate court should not dismiss such an appeal as moot where the juvenile court has sustained a delinquency petition based on criminal conduct. (See *In re Dana J*. (1972) 26 Cal.App.3d 768, 771.) For this reason, and as respondent has failed to show otherwise, we will assume that the appeal is not moot, and discuss the merits.

## II. Unauthorized blood and breath condition

Minor contends that ordering her to submit to blood and breath tests was unauthorized by law, and respondent agrees. Upon sustaining a petition under section 602 and placing the minor on nonwardship probation at home, the juvenile court may not require the minor to undergo blood and breath tests. (*In re P.A.* (2012) 211 Cal.App.4th 23, 35-36.) As that probationary condition was unauthorized here, it will be stricken.

## III. Hearsay

Minor contends that the juvenile court erred in considering a statement made by her mother (mother) to the probation officer in prior delinquency proceedings in which minor also admitted a misdemeanor battery offense. The April 2012 probation report in the prior case noted that according to mother, minor had previously been cited for possession of marijuana on school grounds.[2]

---

**2**     The juvenile court took judicial notice of the court file in case No. KJ37261 and expressly considered the marijuana possession. Defense counsel objected to the evidence as a violation of double jeopardy, a claim that is not renewed here.

3

There is no merit to minor's contention, as she acknowledges that in determining a proper disposition, the juvenile court must consider any "relevant and material evidence that may be offered." (§ 706.) And she concedes that the juvenile court may consider hearsay and other inadmissible evidence. (See *In re Michael V.* (1986) 178 Cal.App.3d 159, 167-168, 170.)

Nevertheless, minor argues that mother's statement was unreliable evidence of marijuana possession. She compares mother's statement with the hearsay statement of an unidentified declarant in *People v. Reed* (1996) 13 Cal.4th 217. Minor's comparison fails, as *Reed* involved an adult probation report erroneously admitted to prove that the defendant's crime was a serious felony for purposes of a sentence enhancement. (See *id.* at pp. 230-231.) Its application is limited to the holding that the hearsay statements of an unidentified declarant contained in a probation officer's report are inadmissible for that purpose, unless they fall within a hearsay exception. (*People v. Otto* (2001) 26 Cal.4th 200, 209.) This was not an adult sentencing and mother was not an unidentified declarant. Moreover, the Evidence Code is not generally applicable to a juvenile dispositional hearing. (*In re Romeo C.* (1995) 33 Cal.App.4th 1838, 1842-1843.)

## IV. Urine testing

Minor contends that the juvenile court abused its discretion in ordering her to submit to urine tests.

Statutory authority expressly grants the juvenile court discretion to impose a condition requiring "the minor to submit to urine testing upon the request of a peace officer or probation officer for the purpose of determining the presence of alcohol or drugs." (§ 729.3; see also *In re Kacy S.* (1998) 68 Cal.App.4th 704, 708 (*Kacy S.*).) "A juvenile court enjoys broad discretion to fashion conditions of probation for the purpose of rehabilitation and may even impose a condition of probation that would be unconstitutional or otherwise improper so long as it is tailored to specifically meet the needs of the juvenile. [Citation.] That discretion will not be disturbed in the absence of manifest abuse. [Citation.]" (*In re Josh W.* (1997) 55 Cal.App.4th 1, 5; see also *In re Sheena K.* (2007) 40 Cal.4th 875, 889.)

4

To support her contention, minor cites the criteria for evaluating the reasonableness of adult parole conditions under the test adopted in *People v. Lent* (1975) 15 Cal.3d 481 (*Lent*): "A condition of probation will not be held invalid unless it '(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality . . . .' [Citation.]" (*Id.* at p. 486, quoting *People v. Dominguez* (1967) 256 Cal.App.2d 623, 627 (*Dominguez*).) That test has been applied in juvenile proceedings. (*In re Josh W., supra*, 55 Cal.App.4th at pp. 5-6.)

Minor contends that the urine testing condition fails the *Lent* test because the condition is not *directly related* to her offense. She relies on the construction given to the following quote from *Dominguez* by the dissent in *Kacy S.*: "'If the condition of probation is not directly related to the crime, the condition may be invalidated.' [Citation.]" (*Kacy S., supra*, 68 Cal.App.4th at p. 715 (dis. opn. of Blease, J.), quoting *Dominguez, supra*, 256 Cal.App.2d at p. 628.) The dissent construed the *Dominguez* language and the *Lent* test (because it was formulated from the criteria enunciated in *Dominguez*) as requiring the probation condition to be directly related to the current offense. (*Kacy S., supra*, at p. 715 (dis. opn. of Blease, J.).) Minor concludes from this that the urine testing condition was invalid because her offense was not drug related.

In *Lent*, the California Supreme Court did not cite the *Dominguez* language on which minor relies, nor did it hold that a probation condition is invalid if it is not related to the defendant's crime, nor did it use the word "directly." Minor construes the first criterion ("A condition of probation will not be held invalid unless it '(1) has no relationship to the crime of which the offender was convicted'") as invalidating any probation condition that bears no relationship to the current offense. (*Lent, supra*, 15 Cal.3d at p. 486.) Minor is apparently reading the *Lent* criteria in the disjunctive, so that any one of them would invalidate a probation condition.

The court expressly clarified that the test was in the conjunctive. (*Lent, supra*, 15 Cal.3d at p. 486, fn 1.) The court later added that this meant that "all three prongs must be satisfied before a reviewing court will invalidate a probation term. [Citations.] As

5

such, even if a condition of probation has no relationship to the crime of which a defendant was convicted and involves conduct that is not itself criminal, the condition is valid as long as the condition is reasonably related to preventing future criminality. [Citation.]" (*People v. Olguin* (2008) 45 Cal.4th 375, 379-380.) Thus, the probation condition is not invalid solely because it is unrelated to minor's offense. So long as the urine testing condition is reasonably related to future delinquency it should not be invalidated on appeal. (*Kacy S., supra*, 68 Cal.App.4th at pp. 709-710.)

Minor takes issue with the majority's holding in *Kacy S.* that in general, testing minors for alcohol and drugs reasonably relates to future delinquency and rehabilitation, and thus the urine testing condition may be upheld even in cases where the minor has no history of drug or alcohol problems. (*Kacy S., supra*, 68 Cal.App.4th at pp. 709-710.) Minor contends that *Kacy S.* should be rejected as wrongly decided because a drug testing condition cannot be reasonably related to future criminality (the third *Lent* criterion) without evidence that substance abuse played a role in the minor's offense. We reject minor's suggestion, as it results in a disjunctive construction in which the first criterion swallows the third, thus invalidating a probation condition solely because it is not related to the current crime.

Minor also contends that *Kacy S.* went too far in holding that there need be no history of drug or alcohol problems to justify a urine testing condition. This is not the occasion to decide whether the *Kacy S.* court went too far, as the juvenile court in this case properly considered the evidence of minor's past marijuana possession on school grounds, which suggested a history of substance abuse. Thus, under the test minor would have us apply, the urine testing condition was "reasonably related to preventing future criminality" and therefore proper. (*People v. Olguin, supra*, 45 Cal.4th at p. 380; *Lent, supra*, 15 Cal.3d at p. 486.) We find no abuse of discretion.

## V. Cooperation in plan to control substance abuse

Minor challenges the condition that she cooperate in a plan to control the abuse of alcohol, controlled substances, or poisons. She compares it to the psychiatric treatment ordered as a condition of adult probation in a case where there was no evidence of mental

illness or a risk the defendant's behavior would be repeated.  (See *In re Bushman* (1970) 1 Cal.3d 767, 777 (*Bushman*), disapproved on another point in *Lent, supra*, 15 Cal.3d at p. 486, fn. 1.)

Upon ordering nonwardship probation under section 725, subdivision (a), the juvenile court may impose any reasonable conditions of probation, even if not expressly authorized by statute.  (*In re Trevor W*. (2001) 88 Cal.App.4th 833, 838-839.)  The juvenile court's broad discretion will not be disturbed in the absence of manifest abuse.  (*In re Josh W., supra*, 55 Cal.App.4th at p. 5.)  As juveniles are deemed to be more in need of guidance and supervision than adults, a condition of probation that is impermissible for an adult probationer would not necessarily be unreasonable for a minor.  (*In re Antonio C*. (2000) 83 Cal.App.4th 1029, 1033.)  For this reason, minor's comparison to *Bushman* is not helpful.

Moreover, minor's comparison assumes that a plan to control substance abuse would necessarily include a drug treatment program.  Minor provides no authority for that assumption, nor does she cite evidence in the record suggesting that her probation officer's plan would include participation in drug treatment, as opposed to a class, a lecture, or an afternoon of reading.  Minor does not contend that her past possession of marijuana on school grounds cannot justify attending a class or reading a pamphlet. Instead, minor argues once again that the evidence was insufficient to prove her past marijuana possession, and thus there is insufficient evidence to support a finding that substance abuse played a role in her offense.  Based on that reason she concludes this probation condition was not reasonably related to future criminality.  As we have found the evidence was properly considered by the court, we again reject minor's premise and find no abuse of discretion.

7

## DISPOSITION

The words "blood" and "breath" are stricken from probation condition No. 24, so that as modified the condition requires minor to "submit to testing of urine to detect the use of alcohol, narcotics, controlled substances, or poisons whenever requested by any peace officer."  As so modified and in all other respects, the judgment is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
CHAVEZ

We concur:


_____, P. J.
BOREN


_____, J.
ASHMANN-GERST