Filed 12/8/15  P. v. Brown CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D067357 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCN339427) |
| JONATHAN R. BROWN, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Michael J. Popkins, Judge.  Affirmed in part, reversed in part, and remanded with directions.

David K. Rankin, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Arlene A. Sevidal and Elizabeth M. Carino, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Jonathan R. Brown pleaded guilty to knowingly withholding a stolen vehicle. (Pen. Code, § 496d.)[1] Brown was granted probation and appeals his probation conditions that require the completion of a 52-week batterer's program and payment of a $500 domestic violence fund fee. (§ 1203.097.) He contends the trial court should not have imposed these two probation conditions because his crime did not involve domestic violence. The People concede Brown is correct and request that we strike the conditions. We agree and remand with directions.

FACTUAL AND PROCEDURAL BACKGROUND

On November 23, 2014, Brown and his girlfriend, Danielle Philbrook, argued loudly about Brown's drug use and recent relapse. Later that evening, Philbrook reported her car and debit card stolen. Two days later, officers found Philbrook's car parked in a residential area with John Sanchez, a homeless man, in the front seat. Sanchez stated Brown offered him a ride and left him with the car while Brown visited friends. Sanchez believed Brown to be the owner of the vehicle and led the officers to Brown's location.

Officers found Brown outside of an apartment building with Philbrook's debit card and a methamphetamine pipe in his possession. He used Philbrook's debit card in the course of the two days to purchase gas and food. He told the police that he took the car to avoid waking his grandmother, with whom he and Philbrook lived, with his and Philbrook's loud verbal altercation and he intended to return the car. He also stated

---

[1] All subsequent statutory references are to the Penal Code unless otherwise specified.

2

Philbrook gave him permission in the past to use the car when she was at work and gave him her debit card PIN number for gas money.

Brown was charged with residential burglary (§ 459), unlawfully taking and driving a vehicle (Veh. Code, § 10851, subd. (a)), knowingly withholding a stolen vehicle (§ 496d), and using personal identifying information of another (§ 530.5, subd. (a)). The district attorney also filed a criminal protective order for domestic violence, requiring Brown to have no contact with Philbrook.

Brown pleaded guilty to knowingly withholding a stolen vehicle (§ 496d) in exchange for dismissal of all other counts. Philbrook asked the trial court to lift the protective order because the couple has no history of domestic violence. The trial court sentenced Brown to three years' felony probation with 180 days of local custody. The court also ordered Brown to pay $150 in restitution to Philbrook and complete a residential drug treatment program. At the sentencing hearing, the probation officer requested the trial court impose domestic violence probation conditions pursuant to section 1203.097, including a 52-week batterer's program and $500 domestic violence fund fee, because Brown's actions qualified as an act of abuse under the statute. The trial court agreed.

Brown argues the trial court erred in imposing the domestic violence probation conditions because his crime did not involve domestic violence. The People agree with Brown and request this court strike the conditions requiring Brown to complete a 52-week batterer's program and pay a $500 domestic violence fund fee.

3

DISCUSSION

A trial court has broad discretion to impose probation conditions to foster rehabilitation and reformation of the defendant and to protect the public. (§ 1203.1, subd. (j); *Brown v. Superior Court* (2002) 101 Cal.App.4th 313, 319.) Although a trial court has broad discretion, it does have limits and a condition of probation must serve a purpose specified in a statute. "A condition of probation will not be held invalid unless it '(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality . . . .' [Citation.] Conversely, a condition of probation which requires or forbids conduct which is not itself criminal is valid if that conduct is reasonably related to the crime of which the defendant was convicted or to future criminality." (*People v. Lent* (1975) 15 Cal.3d 481, 486, quoting *People v. Dominguez* (1967) 256 Cal.App.2d 623, 627.) We apply the deferential abuse of discretion standard in reviewing probation conditions, and the trial court's determination will only be overturned when it is arbitrary, capricious, or exceeds the bounds of reason, all of the circumstances being considered. (*People v. Carbajal* (1995) 10 Cal.4th 1114, 1121.)

Section 1203.097 imposes probation conditions for crimes of domestic violence if "the victim is a person defined in Section 6211 of the Family Code." (§ 1203.097, subd. (a).) These conditions include a $500 payment to the domestic violence fund and participation in a 52-week batterer's program. (§ 1203.097, subd. (a)(5) & (6).) Section 1203.097 applies both to defendants charged with specified domestic violence offenses

4

and to those charged with any crime of abuse if the victim is within Family Code section 6211. (*People v. Cates* (2009) 170 Cal.App.4th 545, 550 (*Cates*).) Under Family Code section 6211, domestic violence is "abuse perpetrated against any of the following persons: [¶] (a) [a] spouse or former spouse[,] [¶] (b) [a] cohabitant or former cohabitant . . . [or] [¶] (c) [a] person with whom the respondent is having or has had a dating or engagement relationship." (Fam. Code, § 6211.) Domestic violence "abuse" is either intentionally or recklessly causing bodily injury, sexual assault, or placing a person in reasonable apprehension of bodily injury. (Fam. Code, § 6203.)

The section 1203.097 probation conditions apply only to crimes of domestic violence or to crimes with inherent facts of domestic violence. *Cates*, *supra*, 170 Cal.App.4th 545 illustrates this application. In *Cates*, the defendant pleaded guilty to felony assault of his former girlfriend. (*Id.* at p. 547.) The trial court ordered the defendant to complete a batterer's program as required by section 1203.097, subdivision (a)(6). (*Cates,* at p. 547.) The defendant appealed, arguing that his crime did not expressly target domestic violence victims. (*Id.* at p. 548.) Felony assault qualifies as abuse under Family Code section 6203 because it is an intentional bodily injury. (*Cates,* at p. 550 & fn. 6; see § 240 [defining assault as "an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another"].) The defendant's girlfriend was also a person identified in Family Code section 6211. (*Cates,* at p. 550.) On appeal, the court held section 1203.097 applies to any person placed on probation "for any crime of 'abuse' so long as the victim is a person identified in Family Code section 6211." (*Cates,* at p. 550.)

Here, Brown did not commit a crime of domestic violence and the circumstances of the crime do not give rise to an act of domestic violence. Brown pleaded guilty to knowingly withholding a stolen vehicle. Brown's actions did not cause or place Philbrook in reasonable apprehension of any bodily injury. If there is no crime of domestic violence, "[s]ection 1203.097 [only] applies to any person placed on probation for a crime if the underlying facts of the case involve domestic violence, even if the statute defining the crime does not specifically refer to domestic violence." (*Cates*, *supra*, 170 Cal.App.4th at p. 548.) Even when a victim like Philbrook qualifies as a person identified under Family Code section 6211, if the crime itself lacks domestic violence abuse as defined under Family Code section 6203, a trial court cannot impose the probation provisions in section 1203.097. The probation conditions of attendance at a 52-week batterer's program and payment of a $500 domestic violence fund fee must therefore be vacated.

Pending this appeal, Brown's probation was revoked because of his violations of probation, including his failure to enroll and complete a 52-week batterer's program, his failure to enroll and complete a residential drug treatment program, his failure to obey all laws and his failure not to use any controlled substance. He has not appealed the revocation of his probation. The People contend that this appeal has become moot because of the revocation of probation. However, section 1203.097 provides that the payment of a domestic violence fund fee is payable at the termination of the period of probation even if probation is terminated by revocation: Because under section 1203.097 Brown remains liable for the $500 fee even on termination of probation, his appeal

6

challenging the validity of that fee is not moot.  We therefore complete resolution of this appeal by vacating the probation condition that Brown pay a $500 domestic violence fund fee as well as the enrollment and attendance at a 52-week batterer's program.

## DISPOSITION

The probation conditions that require Brown to enroll and complete a 52-week batterer's program and pay a $500 domestic violence fund fee are vacated.  The matter is remanded to the trial court to prepare an amended abstract of judgment reflecting the vacated probation conditions and forward the amended abstract to the Department of Corrections and Rehabilitation.  In all other respects, the judgment is affirmed.

McDONALD, J.

WE CONCUR:

McCONNELL, P. J.

AARON, J.

7