Filed 9/30/20  P. v. Reveles CA3

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C082599 |
| Plaintiff and Respondent, | (Super. Ct. No. 16FE007853) |
| v. | |
| SAMUEL GEORGE REVELES, JR., | |
| Defendant and Appellant. | |

Defendant Samuel George Reveles, Jr., entered a plea of no contest to possession of an assault weapon.  The court suspended imposition of sentence and granted defendant five years' formal probation.  Among the probation conditions imposed was one requiring defendant to provide access to his electronic storage devices and data contained therein.  Defendant objected and now appeals, challenging the condition on a variety of grounds.  In *In re Ricardo P.* (2019) 7 Cal.5th 1113 (*Ricardo P.*), our high court held that where there is no evidence a defendant had used or will use electronic devices in connection with illegal activity, the substantial burdens imposed by an electronics search

condition are not justified.  Such evidence is lacking in the present case.  Accordingly, we will modify the judgment to strike the electronics search condition and affirm the judgment as modified.

## FACTUAL AND PROCEDURAL BACKGROUND

In April 2016 defendant was charged with willfully and unlawfully possessing a firearm, a TEC-9 assault weapon.  (Pen. Code, § 30605, subd. (a).)  Defendant admitted ownership and entered a plea of no contest to possession of an assault weapon.  The court suspended imposition of sentence, granted defendant five years' formal probation and, over defendant's objection, imposed the following condition challenged in this appeal:  "Defendant shall submit his/her person, place, property, automobile, electronic storage devices, and any object under his/her control, including but not limited to cell phone[s] and computers, to search and seizure by any law enforcement officer or probation officer, any time of the day or night, with or without a warrant, with or without his/her presence or further consent.  [¶]  Defendant being advised of his/her constitutional and statutory rights pursuant to Penal Code section 1546 et seq. in this regard, and having accepted probation, is deemed to have waived same and also specifically consented to searches of his/her electronic storage devices.  [¶]  Defendant shall provide acces[s] to any electronic storage devices and data contained therein, including disclosing and providing any and all [information] necessary to conduct a search."

Defense counsel submitted briefing in opposition, asserting the condition was invalid under *People v. Lent* (1975) 15 Cal.3d 481 (*Lent*); violated the California Electronic Communications Privacy Act of 2016 (Pen. Code, § 1546 et seq.; CalECPA) and California's Wiretap Act (Pen. Code, § 631); infringed on defendant's Fifth Amendment right against self-incrimination, and was overly broad under *Riley v. California* (2014) 573 U.S. 373, 385 [134 S.Ct. 2473, 2484] (*Riley*) as it was not

2

reasonably related to the facts of defendant's case; and there was no information indicating that electronic devices were used for the execution or planning of the crime.

In response, the prosecution argued that having a searchable phone would be helpful in the future if there was any issue as to possession or ownership of any other firearms that he was prohibited from owning and expressed the view that defendant's phone should have no higher standard of privacy than his person, bedroom, or car.

In briefing, the prosecution insisted the condition was both reasonable and necessary because defendants convicted of firearms offenses commonly use electronic storage devices to aid in their crimes. Included was a declaration from Detective Sean Smith.

Smith's declaration set forth his extensive experience with the Hi-Tech Crimes Task Force, investigating digital media storage devices related to numerous crimes. Smith stated: "Based on my training and experience, those engaged in weapons-related offenses often use electronic devices as a means to sell or purchase weapons, threaten others, use illegal weapons, and to conspire with others to commit said crimes. Evidence of these types of crimes can be located through such means as telephone calls, text or chat communication, emails, voice recordings, and social media posts. Criminals often take photographs and/or videos of the weapons, their possession of weapons, their illegal use of weapons, and their affiliation with co-conspirators. These image and video files are frequently created from and stored on electronic devices, most often through cellular telephone devices. They may be transferred to external storage devices such as computers, external hard drives, thumb drives, and SD/Micro SD cards."

Smith also described his personal experience involving suspects posting firearms for sale on social media and the posting of photos of semi-automatic weapons via cell phones. In addition, Smith stated that geolocation data from electronic devices can provide evidence pinpointing locations where sales are taking place or weapons are hidden. He explained the need to examine the contents of electronic storage devices:

3

"Electronic devices can be thought of as nothing more than a container, and as with most containers, the items inside can be moved from place to place. With regards to computers, a user has the ability to move and store files throughout the hard drive. For example, digital photographs do not need to be stored in the native 'photo' folder. They can be moved to any existing folder or to a folder or folders created by the user. These folders can in turn be moved and hidden within the hard drive. This same method can be used with any file. For this reason alone, it is necessary to look everywhere on the device for evidence of the alleged offense."

Finally, Smith stressed the need to obtain means of access to the devices: "Based on my training and experience, most electronic devices, particularly cellular telephone devices, can be secured by the owner or user via passcode protection. This passcode protection can include numeric pin codes, alpha-numeric codes, biometrics, pattern gestures, and facial recognition. Without the passcode, there is a high likelihood that the examiner will not be able to access and view the contents of the devices. Even more problematic is that individual applications, programs, files, and folders contained within the electronic device may also be passcode protected. As such, even if the examiner is able to access the device, they may not be able to view all content unless they have those specific programs, files or folders. It is my experience that offenders are well aware of this protection and frequently employ it as a method to prevent law enforcement from accessing and/or fully examining the device. It is therefore absolutely necessary to require offenders to provide all passcodes in whatever form . . . for the examiner to thoroughly search the device for ownership, possession, use and evidence of activity related to the specific offense."

In support of the electronic device search condition, the prosecution argued the condition was an exception of CalECPA's warrant requirement for a search of electronic devices. Nor did requiring the defendant to provide passwords violate the Fifth Amendment privilege.

The trial court imposed the condition, reasoning: "I think there is a sufficient nexus between the offense and condition of probation. It's fairly common that persons in unlawful possession of firearms end up with pictures of themselves engaged in that conduct on their own cell phone if they are not posted on Facebook, You Tube, or any other place. So I think this is effectively related to his rehabilitation and facts and circumstances of his case."

Defendant filed a timely notice of appeal.

## DISCUSSION

### A.       Probation Conditions Generally

Upon granting probation, a court may impose any "reasonable conditions, as it may determine are fitting and proper to the end that justice may be done, that amends may be made to society for the breach of the law, for any injury done to any person resulting from that breach, and generally and specifically for the reformation and rehabilitation of the probationer." (Pen. Code, § 1203.1, subd. (j).)

As with judicial discretion generally, a trial court's discretion to impose conditions of probation is quite broad. But the Supreme Court has declared, it "is not without limits: a condition of probation must serve a purpose specified in the statute. In addition, we have interpreted Penal Code section 1203.1 to require that probation conditions which regulate conduct 'not itself criminal' be 'reasonably related to the crime of which the defendant was convicted or to future criminality.' [Citation.]" (*People v. Carbajal* (1995) 10 Cal.4th 1114, 1121, quoting *Lent, supra*, 15 Cal.3d at p. 486.)

Defendant challenges the electronic device condition as invalid under *Lent*. The *Lent* court adopted a three-part test, first articulated in *People v. Dominguez* (1967) 256 Cal.App.2d 623: "A condition of probation will not be held invalid unless it '(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably

5

related to future criminality . . . .' " (*Lent, supra*, 15 Cal.3d at p. 486.) "The *Lent* test is conjunctive—all three prongs must be satisfied before a reviewing court will invalidate a condition of probation." (*People v. Contreras* (2015) 237 Cal.App.4th 868, 879.)

Defendant contends the electronic device search condition fails under all three prongs. First, defendant notes that a conviction for illegally possessing a firearm bears no relationship to use of an electronic device, nor is there any indication a device was used during the crime. Second, use of an electronic device is not in itself criminal. Respondent does not counter defendant's argument on these two prongs. However, as both parties recognize, "even if a condition of probation has no relationship to the crime of which a defendant was convicted and involves conduct that is not itself criminal, the condition is valid as long as the condition is reasonably related to preventing future criminality." (*People v. Moran* (2016) 1 Cal.5th 398, 403.) Respondent maintains the condition is valid under the third prong.

Defendant insists that the "prosecution provided no facts, and the court made no factual findings to establish a nexus between appellant's use of electronic devices and any future criminality."

We note that a probation search condition need not be tailored to a probationer's past habits and competencies. Its purpose is not just to ensure that instrumentalities of past crimes are not used again but to ensure that the probationer does not engage in criminal behavior, by whatever means, in the future. A probation search condition serves to deter future criminal conduct and aids law enforcement in ascertaining whether the probationer is complying with the terms of probation. (*People v. Robles* (2000) 23 Cal.4th 789, 795; *People v. Bravo* (1987) 43 Cal.3d 600, 610.) "By allowing close supervision of probationers, probation search conditions serve to promote rehabilitation and reduce recidivism while helping to protect the community from potential harm by probationers." (*Robles, supra*, 23 Cal.4th at p. 795.) Probation conditions that facilitate

6

effective probation supervision are reasonably related to deterring future criminality. (*People v. Olguin* (2008) 45 Cal.4th 375, 378, 380-381 (*Olguin*).)

## B.   Electronics Search Conditions and Deterrence of Future Criminality

The ubiquity of personal electronic devices as instruments of communication and places to store personal information has led law enforcement agencies to seek access to them as sources of information on past or future criminality. Such information would be useful in advancing the goals of probation and it is hard to dispute that a search condition requiring unfettered access would be a helpful tool of probation supervision and in preventing future criminality though, as with any search condition, it impinges on the privacy interests of the probationer. Indeed, the very ubiquity of such devices magnifies the privacy interests at stake in the compelled disclosure of their contents. Defendant may properly claim that, notwithstanding its benefits, an electronic device search condition improperly impinges on the probationer's constitutional rights. In *Ricardo P., supra*, 7 Cal.5th 1113 the Supreme Court questioned whether the burden imposed on the juvenile probationer's right to privacy was justified, and concluded under the facts presented it was not.[1]

The juvenile in *Ricardo P.* was declared a ward of the court after he committed two felony burglaries. He was placed on probation with various probation conditions, including one that required him to " '[s]ubmit . . . electronics including passwords under [his] control to search by Probation Officer or peace office[r] with or without a search warrant at any time of day or night.' " (*Ricardo P., supra*, 7 Cal.5th. at pp. 1116-1117.) Ricardo told a probation officer he committed the crime because he was not thinking and that he had stopped smoking marijuana because it interfered with his ability to think

---

[1] Although *Ricardo P.* involved a juvenile, it is applicable here because "the *Lent* test governs in juvenile and adult probation cases alike." (*Ricardo P., supra*, 7 Cal.5th at p. 1119.)

7

clearly. The court justified the condition on the basis that it believed marijuana was involved in the offense and minors often bragged about marijuana usage on the Internet, and it was important to monitor Ricardo's drug usage. (*Ibid*.)

On appeal, Ricardo challenged the electronics search condition under *Lent*. The Court of Appeal upheld the condition under *Lent*, but found it was unconstitutionally overbroad. (*Ricardo P., supra*, 7 Cal.5th at p. 1116.) Our Supreme Court granted review on whether the electronics search condition satisfied the third prong of *Lent*, whether it " ' "requires or forbids conduct which is not reasonably related to future criminality." ' " (*Id.* at p. 1119.)

The high court was skeptical about the juvenile court's inference that Ricardo was using drugs during the burglaries and the generalization that teenagers tend to brag about drug use online. (*Ricardo P., supra*, 7 Cal.5th at pp. 1119-1120.) But even accepting these premises, the court noted that cases "upholding probation conditions under *Lent*'s third prong have involved stronger connections between the burdens imposed by the challenged condition and a probationer's criminal conduct or personal history." (*Id.* at p. 1120.) The third prong of *Lent* "contemplates a degree of proportionality between the burden imposed by a probation condition and the legitimate interests served by the condition." (*Id.* at p. 1122.) Our high court found the electronics search condition significantly burdens privacy interests due to type and quantity of information stored on electronic devices. (*Id.* at p. 1123.) Nothing suggested Ricardo had ever used an electronic device or social media in connection with illegal activity. (*Id.* at p. 1122.) The court concluded the electronics search condition "imposes a very heavy burden on privacy with a very limited justification." (*Id.* at p. 1124.)

The Court of Appeal in *Ricardo P.* had upheld the electronics search condition under *Olguin, supra*, 45 Cal.4th 375, as reasonably related to the supervision of the juvenile on probation. (*Ricardo P., supra*, 7 Cal.5th at pp. 1124-1125.) Despite some broad language in *Olguin*, the Supreme Court rejected an interpretation of *Olguin* that

8

probation conditions reasonably related to enhancing supervision of probationers are valid under *Lent*.  (*Id.* at pp. 1125-1127.)  Instead, the court limited *Olguin* to its facts.  The probation condition at issue there required defendant to notify the probation officer about any pets at his residence.  (*Id.* at p. 1124.)  The pet notification condition was reasonable because it served to inform and protect the probation officer in his supervision and this protection was reasonably related to the purpose of deterring future criminality.  (*Id.* at p. 1126.)  By contrast, the electronics search condition was "far more burdensome and intrusive, and requires a correspondingly substantial and particularized justification."  (*Ibid.*)

The Supreme Court held the electronics search condition "satisfies *Lent*'s third prong and is therefore invalid under the *Lent* test because, on the record before us, the burden it imposes on Ricardo's privacy is substantially disproportionate to the countervailing interests of furthering his rehabilitation and protecting society."  (*Ricardo P., supra*, 7 Cal.5th at p. 1119.)

Here, as in *Ricardo P.*, the issue is the third prong of the *Lent* test, whether the electronics search condition is reasonably related to future criminality.  The burden imposed by the condition is the same substantial burden seen in *Ricardo P.*

Defendant insists that the "prosecution provided no facts, and the court made no factual findings to establish a nexus between [defendant's] use of electronic devices and any future criminality."  Defendant is correct.  Unlike the juvenile court in *Ricardo P.*, here the trial court received no evidence and made no specific findings on the issue of future criminality.  In the absence of specific facts and findings, we are left with the trial court's speculation and the respondent's abstract assertion that "this search condition directly related to [defendant's] future criminality because persons engaged in weapons-related offenses often use their electronic storage devices to buy or sell firearms or to post photographs of their firearms."  While this observation might have some pertinence had

9

defendant been convicted of dealing in illegal firearms, he stands convicted of illegal possession of a single weapon.

Respondent's assertion thus provides no firmer basis for the search condition here than the juvenile court's generalization in *Ricardo P.* that teenagers tend to brag about drug use online. As our Supreme Court noted, "In virtually every case, one could hypothesize that monitoring a probationer's electronic devices and social media might deter or prevent future criminal conduct." (*Ricardo P., supra*, 7 Cal.5th at p. 1123.) If such generalizations were sufficient to justify the substantial burdens of the electronics search condition, "it is hard to see what would be left of *Lent*'s third prong." (*Id.* at p. 1124.) As in *Ricardo P.*, here the burden imposed by the electronics search condition is substantially disproportionate to the interests it serves.

Accordingly, we will modify the judgment to strike the electronics search condition and affirm the judgment as modified.

## DISPOSITION

The judgment is modified to strike the electronics search condition. The judgment is affirmed as modified.

        /s/        
RAYE, P. J.

We concur:

     /s/     
BLEASE, J.

     /s/     
MURRAY, J.