[No. A121037. First Dist., Div. Five. Jan. 23, 2009.]

THE PEOPLE, Plaintiff and Respondent, v.
CHRISTOPHER SHANE CATES, Defendant and Appellant.

## Counsel

Alex N. Coolman, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gerald A. Engler, Assistant Attorney General, Rene A. Chacon and Brent W. Wilner, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**SIMONS, J.**—In October 2006, appellant Christopher Shane Cates was placed on probation after pleading no contest to a felonious assault on his former girlfriend. In March 2008, the trial court modified that probation, ordering appellant to attend and complete a 52-week batterer's counseling program, even though he was performing satisfactorily at the time of the modification. The court reasoned that Penal Code section 1203.097[1] mandates imposition of the challenged condition, and the failure to impose it when probation was originally ordered in 2006 resulted in an unauthorized sentence that had to be corrected. Section 1203.097 requires imposition of certain conditions when a defendant is "granted probation for a crime in which the victim is a person defined in section 6211 of the Family Code."[2] That Family Code provision defines "domestic violence" as "abuse" perpetrated against

---

[1] All undesignated section references are to the Penal Code.

[2] Section 1203.097 provides in relevant part: "(a) If a person is granted probation for a crime in which the victim is a person defined in Section 6211 of the Family Code, the terms of probation shall include all of the following: [¶] . . . [¶] (6) Successful completion of a batterer's program . . . ."

specified persons.[3] Appellant argues that section 1203.097 should be narrowly construed to apply only to those defendants convicted of crimes that expressly target domestic violence victims. He contends that because he was convicted of the "generic crime" of assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(1)), imposition of the terms prescribed by section 1203.097 was not mandatory, even though the victim was his former girlfriend. We disagree. Section 1203.097 applies to any person placed on probation for a crime if the underlying facts of the case involve domestic violence, even if the statute defining the crime does not specifically refer to domestic violence. Thus, the trial court was obligated to correct its sentence even in the absence of a subsequent probation violation. The judgment is affirmed.

## BACKGROUND[4]

On June 14, 2006, appellant was involved in an altercation with his former girlfriend (the victim). The victim visited appellant at his home where he had been drinking alcohol. During the visit, the victim started drinking with appellant, they argued and appellant pushed the victim and kicked her in the stomach. The victim then locked herself in her car and called a friend for help. Appellant circled the vehicle and broke all the windows but the windshield with a long metal pipe. He then hit the victim in her back with the pipe as she sat in the driver's seat, and grabbed her purse. After removing all the cash, appellant threw the purse back into the car, opened the driveway gate and told the victim to leave. The victim drove across the street and called the police, who arrested appellant.

On June 16, 2006, the People charged appellant with robbery (§ 211), assault with a deadly weapon by means of force likely to produce great bodily injury (§ 245, subd. (a)(1)), willful infliction of corporal injury on a former cohabitant (§ 273.5, subd. (a)), and felony vandalism (§ 594, subd. (a)).

---

[3] Family Code, section 6211 provides:

" 'Domestic violence' is abuse perpetrated against any of the following persons:

"(a) A spouse or former spouse.

"(b) A cohabitant or former cohabitant, as defined in Section 6209.

"(c) A person with whom the respondent is having or has had a dating or engagement relationship.

"(d) A person with whom the respondent has had a child, where the presumption applies that the male parent is the father of the child of the female parent under the Uniform Parentage Act (Part 3 (commencing with Section 7600) of Division 12).

"(e) A child of a party or a child who is the subject of an action under the Uniform Parentage Act, where the presumption applies that the male parent is the father of the child to be protected.

"(f) Any other person related by consanguinity or affinity within the second degree."

[4] The factual background is derived from the presentence report.

On July 5, 2006, pursuant to a negotiated agreement, appellant pled no contest to assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(1)). Under the terms of the plea agreement, the remaining counts were dismissed. On October 11, 2006, the trial court placed appellant on probation for three years, the terms of which included nine months in county jail, 40 hours of volunteer work, a prohibition against alcohol consumption, and participation in educational, vocational, financial, medical, psychiatric, psychological, alcohol, or drug treatment counseling or assistance programs as directed by the probation department. During the sentencing hearing, the court asked, "This is not appropriate for d.v. sentencing, I guess. Is that correct?"[5] The district attorney responded, "I believe so, Your Honor." The court did not order appellant to participate in a batterer's counseling program.

In April 2007, appellant violated his probation by possessing or using alcohol. In May, the court reinstated and modified appellant's probation, ordering him to participate in an alcohol treatment program.

At the February 7, 2008 probation review hearing, the People asked the court to modify appellant's probation to require participation in the 52-week batterer's counseling program prescribed by section 1203.097, subdivision (a)(6). The People argued the underlying circumstances of appellant's conviction trigger application of section 1203.097. The court agreed that while a conviction for violating section 245, subdivision (a)(1), may not always require participation in a batterer's counseling program, section 1203.097 mandates imposition of certain probation conditions if the underlying facts involve domestic violence. The court considered that the victim was appellant's former girlfriend and that appellant was originally charged with willful infliction of corporal injury on a former cohabitant under section 273.5, subdivision (a), before that charge was dismissed as part of the plea agreement. On March 3, the court modified appellant's probation to require completion of a 52-week batterer's counseling program on the basis that section 1203.097, subdivision (a)(6), mandated imposition of the condition. Appellant challenges this ruling on appeal.

## DISCUSSION

■ When a trial court grants probation for a crime in which the victim is a person defined in section 6211 of the Family Code, Penal Code section 1203.097 requires the court to impose several conditions of probation, including participation in a batterer's counseling program. (*People v. Delgado* (2006) 140 Cal.App.4th 1157, 1163 [45 Cal.Rptr.3d 501]; see also *id.* at

---

[5] We understand "d.v." to refer to domestic violence.

p. 1171 [holding that the probation conditions of § 1203.097 are mandatory but do not apply retroactively to crimes occurring before its enactment].) Appellant concedes section 1203.097 applies to defendants convicted of specified domestic violence crimes, such as " 'infliction of corporal injury on a former cohabitant' under . . . section 273.5, 'battery on a former cohabitant' under . . . section 243, subdivision (e)(1), or 'rape of a spouse' under . . . section 262, subdivision (a)." But appellant asserts that section 1203.097 is ambiguous as to whether it applies to defendants convicted of crimes that lack a specific reference to any particular victim, such as "the generic count of assault with force likely to cause serious bodily injury" under section 245, subdivision (a)(1). Appellant urges this court to interpret section 1203.097 to apply only to those crimes that expressly target domestic violence victims.

■ We hold the language of section 1203.097 is not ambiguous and affirm the trial court's determination that it applies to a violation of section 245, subdivision (a)(1), so long as the facts underlying the assault involve a victim defined in Family Code section 6211.

■ Subdivision (c) of section 6211 of the Family Code provides in pertinent part that " 'Domestic violence' is abuse perpetrated against any of the following persons: [¶] . . . [¶] (c) A person with whom the respondent is having or has had a dating or engagement relationship." "Abuse" is defined in Family Code section 6203.[6] Accordingly, section 1203.097 does not apply only to defendants charged with specified offenses; it encompasses defendants convicted of any crime of "abuse" so long as the victim is a person identified in Family Code section 6211.

*People v. Selga* (2008) 162 Cal.App.4th 113 [75 Cal.Rptr.3d 453] and *People v. Brown* (2001) 96 Cal.App.4th Supp. 1 [117 Cal.Rptr.2d 738] are instructive. In *Selga*, the defendant pled guilty to section 646.9, subdivision (a), after stalking his former girlfriend. (*Selga*, at p. 115.) Section 646.9 is a "generic crime" by appellant's definition because it does not expressly target domestic violence victims.[7] At sentencing the trial court imposed a criminal protective order under section 1203.097, subdivision (a)(2), to

---

[6] Family Code section 6203 defines "abuse" to mean any of the following:

"(a) Intentionally or recklessly to cause or attempt to cause bodily injury.

"(b) Sexual assault.

"(c) To place a person in reasonable apprehension of imminent serious bodily injury to that person or to another.

"(d) To engage in any behavior that has been or could be enjoined pursuant to Section 6320."

[7] Section 646.9, subdivision (a), provides in relevant part: "Any person who willfully, maliciously, and repeatedly follows or willfully and maliciously harasses another person and who makes a credible threat with the intent to place that person in reasonable fear for his or her safety, or the safety of his or her immediate family is guilty of the crime of stalking . . . ."

protect the victim's current boyfriend. (*Selga*, at p. 119.) On appeal, the appellate court struck the protective order "[b]ecause section 1203.097 is directed at the protection of victims of domestic violence [and] a protective order under this section may be issued for the protection of only persons identified in section 6211 of the Family Code." (*Ibid.*) A protective order under section 1203.097 could be issued to protect the appellant's former girlfriend, but could not issue to protect her current boyfriend because he was not a person defined under Family Code section 6211. (*Selga*, at p. 119.) Thus, in reversing the order, *Selga* implicitly concluded that even though section 646.9 is not a statute expressly criminalizing domestic violence, section 1203.097 still applies if the actual victim is a "person[] identified in section 6211 of the Family Code." (*Selga*, at p. 119.)

In *Brown*, the defendant was convicted of vandalizing his wife's car following an altercation. (*People v. Brown, supra*, 96 Cal.App.4th at pp. Supp. 6–8, 13.) The defendant was granted probation and required to participate in a 12-month batterer's counseling program pursuant to section 1203.097. (*Brown*, at pp. Supp. 30–31.) The defendant objected to the probation condition because vandalism is not a crime of domestic violence, arguing that the victim was the vehicle, not his wife. (*Id.* at pp. Supp. 39–40.) The reviewing court upheld the probation terms under section 1203.097 because the "only reasonable inference from this evidence is that [the defendant's] wife was a victim of the vandalism in a domestic violence setting." (*Brown*, at p. Supp. 40.) Here, appellant's former girlfriend was the victim of his violent assault and it was proper to impose the probation conditions of section 1203.097.[8]

Appellant raises other arguments in support of his more limited interpretation of section 1203.097. He argues the rule of lenity requires that this court interpret ambiguous statutory language in his favor. This argument is unavailing because the language of section 1203.097 is not ambiguous.

We also reject appellant's claim that there was no indication in the record that his case would be treated as a domestic violence conviction. First, on June 28, 2006, a protective order was issued designating this case as a domestic violence case. And second, appellant's plea agreement states, "I further understand that the Court can consider the dismissed charges in determining the appropriate sentence in my case and in ordering restitution to the victim(s) of the dismissed charges." This should have apprised appellant that the court would be permitted to consider the dismissed domestic violence charge (§ 273.5, subd. (a)) in determining the appropriate sentence.

---

[8] Given this conclusion we need not discuss appellant's other arguments, which are based on the assumption that section 1203.097 does not apply.

■ In what appears to be a related argument, appellant contends that the trial court and the district attorney misadvised him at the October 11, 2006 sentencing hearing that his conviction would not be treated as a domestic violence crime, and that he relied on this misrepresentation in pleading no contest to the assault charge. However appellant cites no legal authority to support his contention, which alone justifies rejection of the argument: " 'To the extent [a] defendant perfunctorily asserts other claims, without development and, indeed, without a clear indication that they are intended to be discrete contentions, they are not properly made, and are rejected on that basis.' " (*People v. Bragg* (2008) 161 Cal.App.4th 1385, 1396–1397 [75 Cal.Rptr.3d 200].) In any event, we also reject the argument on its merits.

■ Assuming without deciding that the somewhat obscure colloquy between the prosecutor and the trial court, cited by appellant, constituted misadvice *to appellant* regarding the consequences of his plea, appellant is entitled to relief only if he establishes prejudice. That is, he must show that he would not have entered his no contest plea if the trial court had provided proper advice. (*In re Moser* (1993) 6 Cal.4th 342, 352 [24 Cal.Rptr.2d 723, 862 P.2d 723]; *People v. Walker* (1991) 54 Cal.3d 1013, 1022–1023 [1 Cal.Rptr.2d 902, 819 P.2d 861].) Appellant points to no such evidence, and we are unable to find any. Indeed, the so-called misadvice occurred at sentencing, more than three months after appellant entered his negotiated plea. Appellant never explains how information he received in October 2006 influenced his decision to plead no contest in July 2006.

■ The trial court's failure to impose the mandatory probation terms at the time of the original sentence created a legally unauthorized sentence. (See *In re Renfrow* (2008) 164 Cal.App.4th 1251, 1254 [79 Cal.Rptr.3d 898]; cf. *People v. Scott* (1994) 9 Cal.4th 331, 354 [36 Cal.Rptr.2d 627, 885 P.2d 1040].) Correction of an unauthorized sentence is proper "even if the correction results in a harsher punishment." (*In re Renfrow,* at p. 1254.) An unauthorized sentence is " 'subject to judicial correction when it ultimately [comes] to the attention of the trial court or [reviewing] court' [citation]." (*Id.* at p. 1256.)

The error in this case occurred when the trial court originally placed appellant on probation, but failed to impose terms mandated by section 1203.097. The trial court corrected this error at the March 3, 2008 hearing when it modified the terms of appellant's original probation to include the 52-week batterer's counseling program. Because the terms of appellant's original probation failed to include the mandatory terms, the trial court acted properly by correcting its earlier unauthorized sentence.

## DISPOSITION

The judgment is affirmed.

Jones, P. J., and Dondero, J.,[*] concurred.

---

[*]Judge of the San Francisco Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.