Filed 6/7/22

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>EARL MAURICE RODRIGUEZ,<br><br>    Defendant and Appellant. | A160994<br><br>(Solano County Super. Ct.<br>No. VCR235670) |

Defendant Earl Maurice Rodriguez appeals from a judgment that sentenced him to three years of probation, following his plea of no contest to assault with force likely to cause great bodily injury.  (Pen. Code,[1] § 245, subd. (a)(4).)  Rodriguez challenges this sentence based on Assembly Bill No. 1950 (2019–2020 Reg. Sess.) (Assembly Bill 1950), which became effective on January 1, 2021, and limits the maximum probation term for felony offenses to two years.  (§ 1203.1, subd. (a).)  The Attorney General concedes that Assembly Bill 1950 applies retroactively but argues that Rodriguez is not entitled to relief because he was convicted of a domestic violence offense that includes a specified term of probation, an exception to Assembly Bill 1950.

We conclude that Rodriguez is not entitled to reduce his probation to two years under Assembly Bill 1950 and affirm the trial court's ruling.

---

[1] All statutory references are to the Penal Code unless otherwise noted.

# I. BACKGROUND

On February 18, 2020, following an argument by text message, Rodriguez drove his vehicle into his girlfriend's vehicle three times while she was driving from her residence to a friend's house. Based on this incident, Rodriguez was charged with one count of assault with a deadly weapon. (§ 245, subd. (a)(1).) He pleaded not guilty. Subsequently, the district attorney's office amended the information to allege a second count for assault with force likely to produce great bodily injury. (§ 245, subd. (a)(4).)

The case was resolved between the parties through negotiation. Rodriguez pleaded no contest to count two. In exchange, the district attorney's office agreed to dismiss count one, and Rodriguez was to be placed on formal probation for three years.

At the sentencing hearing, the Solano County Superior Court imposed a three-year state prison sentence. The court suspended execution of this sentence and placed Rodriguez on probation for three years. The court also ordered that Rodriguez attend a 52-week batterer's program as required by section 1203.097. Defendant objected to this condition of his probation. Overruling the objection, the trial court ruled that because there was a "domestic violence nexus" to Rodriguez's assault, imposition of section 1203.097 was required.

Rodriguez timely appealed the trial court's September 18, 2020 order.

# II. DISCUSSION

Rodriguez argues that his term of probation should be modified from three to two years pursuant to Assembly Bill 1950, which took effect on January 1, 2021. Assembly Bill 1950 amended section 1203.1 to limit probation in most felony cases to two years. But there is an exception: This two-year limit does not apply to certain offenses, including those that include "specific probation lengths within its provisions." (Former § 1203.1,

2

subd. (m)(1).)[2]  The primary disputed issue in this appeal is whether the statute under which Rodriguez was convicted, section 245, subdivision (a)(4), includes a "specific probation length[] within its provisions" (former § 1203.1, subd. (m)(1)) and therefore falls within the exception.  We conclude that it does.

## A. *Background on Assembly Bill 1950*

Assembly Bill 1950 went into effect on January 1, 2021.  Assembly Bill 1950 amended sections 1203a and 1203.1 to limit the length of probation of most misdemeanors to one year (§ 1203a, subd. (a)), and most felony cases to two years (§ 1203.1, subd. (a)).  Exempt from these limits are offenses that include "specific probation lengths within [their] provisions."  (§§ 1203a, subd. (b), 1203.1, subd. (*l*)(1).)

## B. *Domestic Violence Offenses Under Section 1203.097*

Section 1203.097, subdivision (a)(1) states that "[i]f a person is granted probation for a crime in which the victim is a person defined in Section 6211 of the Family Code, the terms of probation shall include . . . [¶] . . . [a] minimum period of probation of 36 months, which may include a period of summary probation as appropriate."  Section 6211, subdivision (c) of the Family Code includes in its definition of victim "[a] person with whom the respondent is having or has had a dating or engagement relationship."

Section 1203.097 "does not apply only to defendants charged with specified offenses; it encompasses defendants convicted of any crime of 'abuse' so long as the victim is a person identified in Family Code section 6211." (*People v. Cates* (2009) 170 Cal.App.4th 545, 550.)  Section 1203.097,

---

[2] While this appeal was pending, a further amended version of section 1203.1 went into effect on January 1, 2022.  In this current version, the language contained within former section 1203.1, subdivision (m)(1) is now found under section 1203.1, subdivision (*l*)(1).

therefore, applies to offenses like assault, "so long as the facts underlying the assault involve a victim defined in Family Code section 6211." (*Cates*, at p. 550.)

## C. *Statutory Interpretation Principles*

Rodriguez argues that based on the clear language of section 1203.1, his probation term should be reduced to two years under Assembly Bill 1950 because assault under section 245, subdivision (a)(4) does not include a specific length of probation " 'within its provisions.' "

Guided by well-established principles of statutory construction, we begin with the premise that the language in a statute should be given its ordinary meaning, and "[i]f the language is clear and unambiguous there is no need for construction, nor is it necessary to resort to indicia of the intent of the Legislature (in the case of a statute) or the voters (in the case of a provision adopted by the voters)." (*Lungren v. Deukmejian* (1988) 45 Cal.3d 727, 735.)

As a corollary, however, "statutory language, even if it appears to have a clear and plain meaning when considered in isolation, may nonetheless be rendered ambiguous when the language is read in light of the statute as a whole or in light of the overall legislative scheme." (*People v. Valencia* (2017) 3 Cal.5th 347, 360.)

Thus, "[t]he words of the statute must be construed in context, keeping in mind the statutory purpose, the statutes or statutory sections relating to the same subject must be harmonized, both internally and with each other, to the extent possible." (*Dyna-Med, Inc. v. Fair Employment & Housing Com.* (1987) 43 Cal.3d 1379, 1387.) "Where uncertainty exists consideration should be given to the consequences that will flow from a particular interpretation." (*Ibid.*)

4

**D.** *Rodriguez Is Not Entitled to Relief Under Assembly Bill 1950*

Rodriguez argues that the language under former section 1203.1, subdivision (m)(1) is unambiguous in that an offense must include " 'specific probation lengths within its provisions' " in order to be exempted from the two-year probation limit. In his view, the only offenses exempt from the two-year probation limit under section 1203.1 are those that contain a specific probation length in the same statutory section as the underlying offense. Rodriguez points to section 273d as one such example in a footnote to his reply brief. Section 273d provides for a minimum probation of 36 months under subdivision (c)(1) for any person convicted of the offense of corporal punishment against a child under subdivision (a) of this same statute.

We reject this argument. First, although the language "specific probation lengths within its provisions" (former § 1203.1, subd. (m)(1)) may appear to have a plain meaning when considered in isolation, it must be construed in context and harmonized with other related statutes to the extent possible. (*Dyna-Med, Inc. v. Fair Employment & Housing Com.*, *supra*, 43 Cal.3d at pp. 1386–1387.) Given this, we must construe the language at issue in context and harmonize it to the extent possible with other related statutes regarding probation lengths.

A review of other statutes shows that there are numerous offenses that include mandatory probation terms found in a section that is separate from the section that defines the offense. For example, section 1203.047 provides for probation of not less than three years if a person is convicted of violating section 502 (computer crimes). Vehicle Code, section 23600, subdivision (b) provides for probation of not less than three years if a person is convicted of violating Vehicle Code, section 23152 or 23153 and is granted probation. Finally, section 273.5, subdivision (g) does not include a specific probation length but requires that if probation is granted to a person convicted under

section 273.5, subdivision (a), the terms of the probation must be consistent with the provisions of section 1203.097.

With respect to domestic violence offenses, a leading treatise explains that "[b]ecause of section 1203.097, a conviction of a crime where the victim is listed in Family Code section 6211 is an offense 'that includes [a] specific probation length[] within its provisions' for the purposes of the exception under section 1203.1, subdivision (m)(1)." (Couzens et al., Sentencing California Crimes (The Rutter Group 2021) § 8:15.30, (rev. 9/2021).) Indeed, "[t]he fact that the specification of the length of probation is expressed in a different code section than the crime itself does not appear material. The Penal Code frequently separates the punishment provisions from the crime." (*Id.* at fn. 2.)

In *People v. Cates*, *supra*, 170 Cal.App.4th at page 550, this court held that "the language of section 1203.097 is not ambiguous and affirm[ed] the trial court's determination that it applies to a violation of section 245, subdivision (a)(1), so long as the facts underlying the assault involve a victim defined in Family Code section 6211." The trial court in this case similarly ruled that imposition of section 1203.097 was required as to Rodriguez, since there was a "domestic violence nexus" to Rodriguez's offense.

The Second District Court of Appeal recently addressed the applicability of Assembly Bill 1950 in *People v. Saxton* (2021) 68 Cal.App.5th 428. There, the defendant was convicted of driving under the influence under Vehicle Code section 23152, subdivision (f). (*Saxton*, *supra*, at p. 431.) Vehicle Code section 23600, subdivision (b)(1) requires a minimum probation of three years for a person convicted of Vehicle Code section 23152. The court concluded that this conviction was exempt from Assembly Bill 1950's probation limits since Vehicle Code section 23600, subdivision (b)(1) sets

6

forth a specific probation length.  (*Saxton*, at p. 432.)  The court held that "[t]he plain meaning of Assembly Bill 1950 is clear, and permits a trial court to order a defendant to serve three years of formal probation where, as here, the judgment includes a misdemeanor conviction for driving under the influence."  (*Ibid.*)

Here, Rodriguez was convicted of assault under section 245, subdivision (a)(4) against his then-girlfriend.  This constitutes "a crime in which the victim is a person defined in Section 6211 of the Family Code" under section 1203.097, subdivision (a).  The trial court accordingly sentenced Rodriguez to three years of probation.  (*Id.*, subd. (a)(1).)  The trial court also required that Rodriguez attend a 52-week batterer's program as required by section 1203.097.

The fact that section 245, subdivision (a)(4) itself does not include a specific probation length is not material, as the Penal Code often separates the punishment provisions from the crime.  (Couzens et al., *supra*, § 8:15.30, fn. 2.)  That is purely an issue of form.  Penal statutes that set forth the elements of an offense and the sentencing provisions that are triggered upon conviction "operate in tandem to define the crime and its consequences." (*Ibid.*)  Accordingly, a penal statute that works in tandem with a separate sentencing statute—separate in form, but not in function—is exempt from Assembly Bill 1950's probation limits.  (See *People v. Saxton*, *supra*, 68 Cal.App.5th at p. 432.)

In this case, section 1203.097, subdivision (a)(1) sets forth a minimum probation length of 36 months.  A domestic violence offense under section 1203.097 therefore constitutes an exception under section 1203.1 as it is "an offense that includes specific probation lengths within its provisions."

(Former § 1203.1, subd. (m)(1); see *People v. Forester* (2022) 78 Cal.App.5th 447, 458.)

Second, Rodriguez's interpretation of the exception language under section 1203.1 would mean that the Legislature intended to draw a distinction between offenses that separate the punishment provisions from the crime and offenses that do not. We see no reason why the Legislature would have made this arbitrary distinction, nor has Rodriguez advanced any argument to support such an interpretation. In enacting new laws, we presume that "the Legislature was aware of existing related laws and intended to maintain a consistent body of rules." (*People v. Superior Court* (*Zamudio*) (2000) 23 Cal.4th 183, 199.) We are unpersuaded that the Legislature intended to create a new scheme in which persons convicted of offenses that happen to have a separate sentencing provision would benefit from a reduced probation term under Assembly Bill 1950, while those convicted under a scheme in which a minimum probation is self-contained within the same statute do not.

Rodriguez invokes legislative history, arguing that the legislative history to Assembly Bill 1950 shows that the Legislature intentionally omitted domestic violence cases from being an exception under section 1203.1. We disagree. As Rodriguez points out, during the bill analysis process, the Assembly Committee on Public Safety commented that "[t]his bill does not amend code sections such as Veh. Code 23600 (allowing probation up to five years for a DUI) or Pen. Code 1203.097 (requiring a minimum probation of three years for domestic violence offenses) which specify probation lengths for specific crimes. It is not clear if this bill would limit the application of those sections." (Assem. Com. on Public Safety, Analysis of Assem. Bill No. 1950 (2019–2020 Reg. Sess.) as amended May 6,

8

2020, p. 4.) This bill analysis shows nothing more than some uncertainty about the scope of the bill's application. Since the committee also commented that Assembly Bill 1950 does not alter the length of probation under section 1203.097, the conclusion we draw from it is that the Legislature understood the "specific probation lengths" exception would adequately cover likely domestic violence offenses under section 1203.097, but was not sure. We now answer that question.

### E. *Remedy*

Because we find that Rodriguez is not entitled to relief under Assembly Bill 1950, we do not reach the second issue raised by the parties as to whether the proper remedy should be to remand.

## III. DISPOSITION

The judgment is affirmed.

STREETER, Acting P. J.

WE CONCUR:

BROWN, J.
DESAUTELS, J.*

---

\* Judge of the Superior Court of California, County of Alameda, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

9

Trial Court:  Superior Court of California, County of Solano

Trial Judge:  Hon. William J. Pendergast, III

Counsel:  Law Offices of Karriem Baker and Karriem Baker,
     by appointment of the Court of Appeal under the First
     District Appellate Project, for Defendant and Appellant.

     Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant
     Attorney General,  Jeffrey M. Laurence, Senior Assistant
     Attorney General, Donna M. Provenzano and
     Melissa A. Meth, Deputy Attorneys General,
     for Plaintiff and Respondent.