Filed 3/28/23  P. v. Fimbres CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>ROBERT JAMES FIMBRES,<br><br>        Defendant and Appellant. | A165100<br><br><br><br><br>(Napa County<br>Super. Ct. No. 19CR002444) |

Robert James Fimbres pled no contest to recklessly setting fire to his mother's home (Pen. Code, § 452, subd. (b))[1] and, pursuant to the parties' plea agreement, was placed on formal probation for a term of three years.  Fimbres appeals after the trial court denied a motion to reduce his probation term to two years, pursuant to subsequent ameliorative amendments to section 1203.1, subd. (a).  We conclude the trial court did not err and affirm.

**BACKGROUND**

**A.**

According to the probation report and transcript from Fimbres's preliminary hearing,[2] Fimbres used gasoline to set fire

_____

[1] Undesignated statutory references are to the Penal Code.

[2] The parties stipulated that the preliminary hearing transcript and the police report served as the factual basis for

1

to a flag and other items that he found in his mother's garage. Although Fimbres started the fire in her driveway, his mother's house caught on fire. Fimbres's mother was not present at the time (in August 2019) because she was moving, and the house was vacant. Fimbres admitted to police that he started the fire. He set his mother's flag on fire after it fell on the ground, and the fire spread to his mother's house.

Fimbres was charged with arson of a structure (§ 451, subd. (c); count one) and recklessly causing fire to an inhabited structure (§ 452, subd. (b); count two). He pled no contest to count two, in exchange for, among other things, dismissal of count one and a three-year term of probation. The sentencing court suspended imposition of sentence and, pursuant to the negotiated plea agreement, placed Fimbres on formal probation for three years.

### B.

About two months after Fimbres's sentencing hearing, Assembly Bill No. 1950 (2019-2020 Reg. Sess.) amended section 1203.1, effective January 1, 2021, to generally limit the term of felony probation to two years. (Stats. 2020, ch. 328, § 2.) The Napa County Probation Department then filed a petition for modification, recommending that the trial court reduce the term of Fimbres's probation to two years under the new law. The trial court held a hearing and denied the petition.

### DISCUSSION

### A.

Fimbres argues that his term of probation must be reduced to two years, pursuant to Assembly Bill No. 1950, and that the trial court erred in ruling otherwise. After independently

_____

Fimbres's plea. However, in describing Fimbres's offense, both parties cite the probation report.

2

reviewing this question of statutory interpretation (*People v. Saxton* (2021) 68 Cal.App.5th 428, 431), we disagree.

**1.**

At the time of Fimbres's sentencing hearing (in November 2020), former section 1203.1, subdivision (a) allowed courts to impose felony probation "for a period of time not exceeding the maximum possible term of the sentence," except "where the maximum possible term of the sentence [was] five years or less," in which case probation could "continue for not over five years." (Former § 1203.1, subd. (a); *People v. Forester* (2022) 78 Cal.App.5th 447, 451-452 (*Forester*).) As amended by Assembly Bill No. 1950, section 1203.1, subdivision (a), now generally limits the maximum term of felony probation to two years. (§ 1203.1, subds. (a), (l); Stats. 2020, ch. 328, § 2.)

There are several statutory exceptions to the two-year limit, including for any offense that "includes specific probation lengths within its provisions." (§ 1203.1, subd. (l)(1).)[3] If the exception applies, probation "may continue for a period of time not exceeding the maximum possible term of the sentence." (§ 1203.1, subd. (l)(1).)

**2.**

Although the retroactivity of Assembly Bill No. 1950 is currently under review by our Supreme Court in *People v. Prudholme* (Aug. 26, 2021, E076007) [nonpub. opn.], review granted November 10, 2021, S271057, the People concede that Assembly Bill No. 1950 applies retroactively to cases like

---

[3] This exception was originally found in former section 1203.1, subdivision (m) (Stats. 2020, ch. 328, § 2), which has since been redesignated as subdivision (l). (*People v. Kite* (2023) 87 Cal.App.5th 986, 991, fn. 2; Assem. Bill No. 177 (2021-2022 Reg. Sess.), Stats. 2021, ch. 257, §§ 21, 22.) We hereafter cite only the current version of the statute.

Fimbres's that were not final when the amended law became effective.  We assume the parties are correct.  (See *People v. McKenzie* (2020) 9 Cal.5th 40, 46-47 [defendant's case is not yet final for this purpose if they are placed on probation with imposition of sentence suspended]; *People v. Sims* (2021) 59 Cal.App.5th 943, 947, 964.)

**3.**

We also agree with the People that Fimbres is subject to an exception from the two-year limit because he was convicted of a domestic violence offense subject to a specified term of probation (§§ 1203.1, subd. (l)(1), 1203.097, subd. (a)(1)).

Penal Code section 1203.097, subdivision (a)(1), requires a minimum three-year period of probation for "a crime in which the victim is a person defined in Section 6211 of the Family Code." The Family Code defines domestic violence as "abuse" perpetrated against persons in certain defined relationships with a defendant, including parent.  (Fam. Code, § 6211, subd. (f); Prob. Code, § 13, subd. (a); *People v. Cates* (2009) 170 Cal.App.4th 545, 547-548.)  Under the Family Code, the meaning of abuse "is not limited to the actual infliction of physical injury or assault" (Fam. Code, § 6203, subd. (b)) but is statutorily defined to include destruction of personal property.  (Fam. Code, §§ 6203, subd. (a)(4) [abuse means "engag[ing] in any behavior that . . . could be enjoined pursuant to [Family Code] Section 6320"], 6320, subd. (a) [court may enjoin "a party from . . . destroying personal property . . . of the other party"]; *People v. Brown* (2001) 96 Cal.App.4th Supp. 1, 30-31, 39-40 [domestic violence probation conditions under Pen. Code, § 1203.097 properly imposed against defendant convicted of vandalism for smashing his wife's car windows after argument]; cf. *Cates, supra,* at pp. 550-551 [citing *Brown* with approval].)

It is well settled that application of section 1203.097 is not limited to particular domestic violence offenses.  Rather, the

4

statute "applies to any person placed on probation for a crime *if the underlying facts of the case involve domestic violence*, even if the statute defining the crime does not specifically refer to domestic violence." (*People v. Cates, supra,* 170 Cal.App.4th at p. 548, italics added; accord, *Forester, supra,* 78 Cal.App.5th at p. 453.)

We recognize that the facts of this case differ from what we would colloquially consider "domestic violence" and even from the facts presented in *People v. Brown, supra,* 96 Cal.App.4th Supp. 1. However, the Family Code defines domestic violence more broadly than the Penal Code. (Compare Fam. Code, §§ 6203, subd. (a)(4), 6320, subd. (a), 6211 with Pen. Code, § 13700, subds. (a), (b); *People v. Kovacich* (2011) 201 Cal.App.4th 863, 893–895.) And, by referring only to Family Code section 6211 in Penal Code section 1203.097, subdivision (a), there is no indication that the Legislature intended to incorporate the Penal Code's more restrictive definition.

Fimbres does not dispute that his mother is of the class of persons specified as a domestic violence victim in Family Code section 6211 or that the underlying facts of his case involve "abuse" *as defined by the relevant sections of the Family Code*.[4] Instead, Fimbres contends that he should not be subject to the three-year minimum probation term established by Penal Code section 1203.097 because the sentencing court failed to impose the statute's additional mandated terms—including completion of a batterer's program and a protective order. (Pen. Code,

---

[4] Nor does Fimbres argue that—in determining the victim was his mother or that Fimbres destroyed her personal property— he was entitled to a jury trial or that the trial court engaged in impermissible factfinding. By failing to include reasoned analysis on any of these points in his opening brief, Fimbres has forfeited the arguments. (See *People v. Stanley* (1995) 10 Cal.4th 764, 793; *Tiernan v. Trustees of Cal. State University & Colleges* (1982) 33 Cal.3d 211, 216, fn. 4.)

§ 1203.097, subds. (a)(2), (6).) We are unpersuaded. First, Fimbres cannot complain of any such error because the error was in his favor. (See *People v. Lee* (1999) 20 Cal.4th 47, 57.) Second, we fail to see how any error in omitting other mandatory terms impacts our statutory interpretation.

The two-year limit found in section 1203.1, subdivision (a), does not apply to Fimbres simply because the statute defining the elements of his conviction—section 452, subdivision (b)—itself does not establish a minimum length of probation. Because the Penal Code routinely separates punishment provisions from the sections defining crimes, the position—that the only offenses exempt from the two-year probation limit, under section 1203.1, subdivision (l)(1), are those that contain a specific probation length in the same statutory section establishing the underlying offense—has been rejected in the published opinions considering the question. (*People v. Rodriguez* (2022) 79 Cal.App.5th 637, 641, 644-645 [specific term exception applies to defendant's assault (§ 245, subd. (a)(4)) offense because § 1203.097, subd. (a)(1), specifies three-year probation minimum for crimes involving domestic violence]; *Forester, supra,* 78 Cal.App.5th at pp. 456-458 [applying same reasoning to stalking (§ 646.9, subd. (b)) offense].)

The trial court did not err in concluding the two-year probation limit (§ 1203.1, subd. (a)) does not apply.

### DISPOSITION

The order denying modification of Fimbres's probation term is affirmed.

_____
BURNS, J.

We concur:

_____
JACKSON, P.J.

_____
LANGHORNE, J.*

A165100

---

\* Judge of the Napa County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.