Filed 4/26/23  P. v. Best CA2/4

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B318531 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. SA096678) |
| v. | |
| KIRAN CLISBY BEST, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, William L. Sadler, Judge.  Affirmed.

Glenn L. Savard, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and Gary A. Lieberman, Deputy Attorneys General, for Plaintiff and Respondent.

## INTRODUCTION

Appellant Kiran Best was charged with attempted murder and assault, and pled no contest to felony assault by means likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(4)[1].) In May 2018, the court sentenced appellant to five years' probation. In January 2021, section 1203.1 was changed to limit probation to no longer than two years in most cases. One exception to the two-year limit is for cases of domestic violence—crimes such as assault when the perpetrator is related to the victim. (§§ 1203.1, subd. (l)(1), 1203.097, subd. (a)(1); Fam. Code, § 6211.) The victim of the assault was appellant's brother.

In September 2021, appellant was charged with making criminal threats, a probation violation. Appellant's counsel and the court discussed the change to section 1203.1, and appellant's counsel stated that the two-year limit did not apply to appellant because the victim of the previous assault was appellant's brother. The court, counsel, and appellant himself acknowledged that the assault victim was appellant's brother. The court found that appellant had violated his probation and sentenced him to three years in prison.

On appeal, appellant now argues the two-year probation limit *did* apply to him, because there was insufficient evidence that the assault victim was his brother. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

### A. Underlying conviction

In March 2018, appellant was charged with attempted premeditated murder using a knife, causing great bodily harm (§§ 187, subd. (a), 664, 12022, subd. (b)(1), 12022.7, subd. (a));

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

and assault with a deadly weapon, a knife, causing great bodily harm (§§ 245, subd. (a)(1), 12022.7, subd. (a)).  The victim of the crime was appellant's brother, A. Best.[2]

In May 2018, pursuant to a plea agreement, appellant pled no contest to felony assault by means likely to produce great bodily injury (§ 245, subd. (a)(4).)  The court sentenced him to 364 days in jail and five years' probation.

Effective January 1, 2021, Assembly Bill No. 1950 (2019–2020 Reg. Sess.) amended section 1203.1 to limit the maximum probation term that may be imposed for most felony offenses to two years.  (See § 1203.1, subd. (a).)  However, the two-year probation limit does not apply to "an offense that includes specific probation lengths within its provisions."  (§ 1203.1, subd. (l)(1).)  One such exception is a crime involving domestic violence where "the victim is a person defined in Section 6211 of the Family Code," which carries a minimum  probation period of 36 months. (§ 1203.097, subd. (a)(1).)  Family Code section 6211 defines as "domestic violence" abuse perpetrated against a "person related by consanguinity or affinity within the second degree."[3]  (Fam. Code § 6211, subd. (f).)  Case law holds that assault under section 245 against a family member falls under the domestic violence exception to section 1203.1  (See, e.g., *People v. Rodriguez* (2022) 79 Cal.App.5th 637, 644 (*Rodriguez*).)

**B.    Probation violation**

In 2021, appellant was charged with making criminal threats against his mother, K.N. (§ 422, subd. (a).)  At a combined

---

[2]    We refer to the victims using initials to protect their privacy.  (See Cal. Rules of Court, rule 8.90(b)(4).)

[3]    Appellant admits that brothers are related by consanguinity within the second degree.

preliminary hearing on the criminal threats charge and hearing on the probation violation, K.N. testified about the incident. The facts are not relevant to this appeal, so we describe them only briefly. On September 11, 2021, appellant got upset and shouted at K.N. statements such as "I should stomp you out. . . . I should fucking beat you," and "You don't deserve to be alive." K.N. testified that appellant also "ran over to me and stood over me and started swinging and, you know, did not hit me but . . . came close to . . . hitting me." Appellant also said, "I should knock the shit out of you. I should knock your teeth out," which made K.N. feel scared and vulnerable because she had recently had dental surgery.

At the same hearing, defense counsel and the court acknowledged that appellant's brother was the victim of the underlying assault. For example, defense counsel stated that the brothers had actually assaulted each other, thus appellant's assault conviction arose from "a relationship between him and his brother, which is kind of mutual." The court also noted that "the case that's placed Mr. Best on probation did start off as attempted murder of his brother." The court found appellant had violated his probation. The court set a date for sentencing on the probation violation.

The trial court held a *Marsden* hearing on February 8, 2022.[4] The amendment to section 1203.1 was discussed, and defense counsel admitted that after researching the issue, she determined that the two-year limitation did not apply in this case

---

[4] See *People v. Marsden* (1970) 2 Cal.3d 118. This transcript is confidential (Cal. Rules of Court, rule 8.47(b)); we do not describe portions of the transcript that include attorney-client communication.

because the victim of the assault was appellant's brother. The court denied the *Marsden* motion.

At the sentencing hearing on February 18, 2022, the prosecution said it would be willing to dismiss the criminal threats charge and have the court order appellant to participate in regional center services on the probation violation. The court asked, "What were the injuries that caused the probation violation? . . . [I]t's a fairly serious case." Defense counsel stated, "The complaining witness on that case, the alleged victim, is Mr. Best's brother who is currently serving time for an assault on Mr. Best in which he tried to set Mr. Best on fire." Appellant said, "What? . . . . My brother never tried to set me on fire." Appellant added, "[H]e robbed me that day. He robbed me that day. That is a crime."

Appellant declined to accept services in lieu of a prison sentence. The court sentenced appellant to the midterm of three years. The court granted the People's motion to dismiss the criminal threats case "based on the sentencing and the continuing validity of the sentence" in the assault case.

Appellant timely appealed.

## DISCUSSION

On appeal, appellant contends "there is no record of any factual evidence [that] there was a domestic violence nexus or the victim was Mr. Best's brother." He argues that this lack of evidence precludes a finding that he was on probation at the time of the criminal threats offense in September 2021, because

5

pursuant to section 1203.1, subdivision (a), his probation was only two years—May 2018 to May 2020.[5]

"We review a probation revocation decision pursuant to the substantial evidence standard of review [citation], and great deference is accorded the trial court's decision, bearing in mind that '[p]robation is not a matter of right but an act of clemency, the granting and revocation of which are entirely within the sound discretion of the trial court.'" (*People v. Urke* (2011) 197 Cal.App.4th 766, 773.) "[T]he burden of demonstrating an abuse of the trial court's discretion rests squarely on the defendant." (*Ibid*.)

To the extent appellant is making an evidentiary argument, it borders on frivolous. The parties and court below unequivocally agreed that appellant was on probation at the time he made criminal threats to K.N. The court and defense counsel discussed the changes to probation in section 1203.1, including the domestic violence exception, and defense counsel stated that the two-year limitation did not apply because the victim of the assault was appellant's brother. The record also includes multiple other references that the assault victim was appellant's brother. No objection was raised to any of these references, and no party suggested there was an insufficient evidentiary basis for this mutual understanding. Appellant may not, for the first time on appeal, attempt to undermine these factual assumptions or complain that additional evidence should have been presented. (See, e.g., *People v. Scott* (1994) 9 Cal.4th 331, 356 ["complaints

---

[5]    Appellant asserts section 1203.1 was retroactive and therefore applies to him. The Attorney General does not dispute this contention, so for purposes of this opinion we assume section 1203.1 may operate retroactively.

about the manner in which the trial court exercises its sentencing discretion and articulates its supporting reasons cannot be raised for the first time on appeal"]; *People v. Navarette* (1976) 54 Cal.App.3d 1064, 1071-1072 [a party may not agree to facts below, then claim on appeal that such facts were not supported by evidence].)

Moreover, if a lack of evidence or an inadequate factual finding could be deemed error in this situation, it was invited. Defense counsel specifically told the court that based upon her research of the issue, the probation reduction in section 1203.1 did not apply due to the domestic violence exception. "'The doctrine of invited error is designed to prevent an accused from gaining a reversal on appeal because of an error made by the trial court at his behest. If defense counsel intentionally caused the trial court to err, the appellant cannot be heard to complain on appeal. . . . [I]t also must be clear that counsel acted for tactical reasons and not out of ignorance or mistake.'" (*People v. Coffman and Marlow* (2004) 34 Cal.4th 1, 49.) These factors are met here.

Finally, appellant does not suggest the error was reversible under any standard. Here, the record makes clear that had evidence about the underlying assault been presented, it would have shown that the victim was appellant's brother. Any failure to admit such evidence, or a failure to require a more formal stipulation than the understanding expressed by all parties and the court below, was harmless. (*Chapman v. California* (1967) 386 U.S. 18, 24; *People v. Watson* (1956) 46 Cal.2d 818, 836.)

To the extent appellant is making a legal argument, it is similarly unpersuasive. He asserts the domestic violence exception does not apply because he was convicted of assault under section 245, subdivision (a)(4), rather than domestic

7

violence under section 1203.097, and section 245 "carries no mandatory probation term." He argues this case also lacks other indicia of domestic violence; for example, he was "not ordered to pay a domestic violence fine, was not ordered to perform community service, and was not ordered to pay for and complete a domestic violence class."

This argument has been soundly rejected. "[S]ection 1203.097 does not apply only to defendants charged with specified offenses; it encompasses defendants convicted of any crime of 'abuse' so long as the victim is a person identified in Family Code section 6211." (*People v. Cates* (2009) 170 Cal.App.4th 545, 550.)

In *People v. Rodriguez, supra,* 79 Cal.App.5th 637, for example, the Court of Appeal held that a violation of section 245, subdivision (a)(4) that meets the definition of domestic violence falls under the domestic violence exception to section 1203.1. There, "Rodriguez was convicted of assault under section 245, subdivision (a)(4) against his then-girlfriend. This constitutes 'a crime in which the victim is a person defined in Section 6211 of the Family Code' under section 1203.097, subdivision (a). The trial court accordingly sentenced Rodriguez to three years of probation. (*Id.*, subd. (a)(1).)" (*Rodriguez*, 79 Cal.App.5th at p. 644.) The Court of Appeal affirmed, stating, "In this case, section 1203.097, subdivision (a)(1) sets forth a minimum probation length of 36 months. A domestic violence offense under section 1203.097 therefore constitutes an exception under section 1203.1 as it is 'an offense that includes specific probation lengths within its provisions.'" (*Rodriguez,* 79 Cal.App.5th at p. 644, quoting § 1203.1, subd. (l)(1).)

The court in *People v. Forester* (2022) 78 Cal.App.5th 447, 457-458, a stalking case, reached a similar conclusion: "[A] defendant who is placed on probation for committing a crime against a victim of domestic violence, as defined by section 1203.097, has committed 'an offense that includes specific probation lengths within its provisions.' (§ 1203.1, subd. (l)(1).) In such circumstances, and in the absence of a contrary legislative indication, the two-year felony probation limitation codified in section 1203.1, subdivision (a) does not apply." The *Forester* court also cited a leading treatise on the issue, which used a section 245, subdivision (a)(4) conviction as an example: "'For example, probation for a violation of section 245, subdivision (a)(4) [assault by means of force likely to produce great bodily injury], does not normally have a minimum term of probation—which means felony probation is limited to two years. But if the victim is a person included in Family Code section 6211, section 1203.1, subdivision [(l)(1)], provides an exception to the new limits established by [Assembly Bill No.] 1950.'" (*Id.* at p. 457, quoting Couzens et al., Sentencing California Crimes (The Rutter Group 2021) § 8:15.30, pp. 8-20 to 8-21, fn. omitted.) This example is directly on point, and we agree with its analysis.

Appellant cites *Alleyne v. United States* (2013) 570 U.S. 99, and similar Sixth Amendment cases for the contention that any fact that results in an increase to a defendant's mandatory minimum sentence must be submitted to a jury. The comparison is not apt. "There is no right to a jury trial in a probation revocation proceeding" (*Jones v. Superior Court* (2004) 115 Cal.App.4th 48, 60), and a defendant is not entitled to have a jury determine facts about a prior conviction. (*People v. Black* (2007) 41 Cal.4th 799, 819.) Moreover, the probation violation did not

9

increase appellant's mandatory minimum sentence for the crime, to which he pled no contest. Appellant was not entitled to factual findings here, especially in light of the court, counsel's, and appellant's clearly expressed understanding about the facts of the underlying crime.

## DISPOSITION

The judgment is affirmed.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

COLLINS, J.

We concur:

CURREY, ACTING, P.J.

DAUM, J.*

---

* Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

10