Filed 9/25/24  P. v. Weyls CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>STEPHANIE CONKLIN WEYLS,<br><br>    Defendant and Appellant. | G064341<br><br>(Super. Ct. No. SWF2007393)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Riverside County, Stephen J. Gallon, Judge. Affirmed.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General,

Christopher P. Beesley and Britton B. Lacy, Deputy Attorneys General, for Plaintiff and Respondent.

*       *       *

After pleading guilty to willful discharge of a firearm in a grossly negligent manner, Stephanie Conklin Weyls was placed on three years probation. Over the next three years, she violated her probation on multiple occasions, but the trial court continued to reinstate probation. After she was charged in a different case with animal cruelty, the court revoked probation and imposed a mid-term sentence on her original firearm conviction. Weyls appeals, arguing a statutory change to the maximum term of probation had ended her probation before the last violation occurred. We affirm.

The trial court erred in concluding the statutory change did not apply to Weyls. The error was harmless, however, because Weyls was not entitled to the benefit of the statutory change as her underlying conviction was a crime involving a victim of domestic violence.

FACTUAL AND PROCEDURAL BACKGROUND

In June 2020, Weyls was charged in a felony complaint with assault with a firearm on Brad B.[1] (Pen. Code, § 245, subd. (a)(2) [count 1]) and willful discharge of a firearm in a grossly negligent manner (Pen. Code, § 246.3, subd. (a) [count 2]). As to count 1, the complaint alleged Weyls personally used a firearm within the meaning of Penal Code section 12022.5, subdivision (a). As to count 2, it alleged she personally used a firearm within the meaning of Penal Code section 1192.7, subdivision (c)(8).

In July 2020, Weyls pled guilty to count 2 and admitted personal use of a firearm. (Pen. Code, §§ 246.3, subd. (a), 1192.7, subd. (c)(8).) As part

_____

[1] Brad B. is Weyls's son.

2

of the plea deal, count 1 and its attendant sentencing enhancement (Pen. Code, §§ 245, subd. (a)(2), 12022.5, subd. (a)) were dismissed. On July 16, 2020, the trial court placed Weyls on formal probation for three years with conditions, including that she obey all laws and serve 180 days in jail. She was awarded 37 days of presentence credits and ordered to serve the remaining 143 days in a work release program.

In May 2021, the trial court terminated the work release order and placed Weyls on electronic monitoring for 142 days. In October 2021, June 2022, and December 2022, Weyls admitted violating her probation. Each time, the court reinstated her probation.

On September 22, 2023, a felony complaint was filed charging Weyls with animal cruelty. (Pen. Code, § 597, subd. (b).)[2] Three days later, Weyls was taken into custody on the instant probation violation; she denied violating her probation. In November 2023, as a condition of Weyls's supervised release, she was ordered not to "maintain or possess any animals including goldfish." In December 2023, however, sheriff's deputies responding to a call from Weyls's daughter about a verbal disagreement found Weyls in possession of several dogs.

The evidentiary hearing on the alleged probation violation was held in February 2024.

Weyls, through her defense counsel, argued the new two-year limitation on the length of probation found in Penal Code section 1203.1 applied to her, meaning she was not legally on probation when the alleged September 2023 probation violation occurred. The trial court found the

---

[2] Although the parties' briefs go into great detail on the facts underlying the animal cruelty charge, they are not relevant to our determination on the probation issue and we do not address them.

two-year limit on probation did not apply to Weyls because willful discharge of a firearm, the charge to which she pled guilty, was a violent offense within the meaning of Penal Code section 667.5, subdivision (c). (Pen. Code, § 1203.1, subd. (*l*)(1).)

After the evidentiary hearing, the trial court found Weyls had been criminally negligent and had violated the terms of her probation by failing to adequately care for an injured dog in her care although "there were reasonable alternatives available that would have eliminated the suffering of the animal, including surrender" and by having "dogs in her care and custody" despite the court's order.

On March 1, 2024, the trial court revoked Weyls's probation and imposed the mid-term sentence of two years. The court awarded Weyls presentence credits of 184 days. Weyls filed a timely notice of appeal.

DISCUSSION

I.

STANDARD OF REVIEW

A trial court's finding that a defendant violated the terms of probation is reviewed for substantial evidence. (*People v. Rauen* (2011) 201 Cal.App.4th 421, 427.) A question of statutory interpretation is reviewed de novo. (*People v. Gonzalez* (2017) 2 Cal.5th 1138, 1141.)

II.

AS AMENDED, PENAL CODE SECTION 1203.1 LIMITS PROBATION TO TWO YEARS, BUT THE LIMITATION IS SUBJECT TO EXCEPTIONS.

Effective January 1, 2021, Penal Code section 1203.1 limits the maximum term of probation to two years. (Pen. Code, § 1203.1, subd. (a); Stats. 2020, ch. 328, § 2.) Previously, a trial court could impose felony probation for a term not exceeding the maximum possible sentence. (*People v.*

4

*Prudholme* (2023) 14 Cal.5th 961, 965–966.) The California Supreme Court held the amendment to Penal Code section 1203.1 applies retroactively. (*People v. Prudholme, supra*, at pp. 966–968.) The court also held the amendment was applicable to plea agreements. (*Id.* at pp. 975–976.)

However, the statute contains exceptions to the two-year limitation. Two of those exceptions are at issue here. "The two-year probation limit in subdivision (a) shall not apply to: [¶] . . . An offense *listed in subdivision (c) of [Penal Code] Section 667.5* and an offense that includes specific probation lengths within its provisions." (Pen. Code, § 1203.1, subd. (*l*)(1), italics added.)

III.

THE TRIAL COURT ERRED BY CONCLUDING A VIOLENT FELONY NOT LISTED IN PENAL CODE SECTION 667.5, SUBDIVISION (C) INVOKES THE EXCEPTION TO THE TWO-YEAR PROBATION LIMITATION.

Weyls was originally placed on three years formal probation. The amendments to Penal Code section 1203.1 took effect during her probation term. Therefore, unless one of the exceptions to the statute applies, Weyls's probation term would be reduced to two years by operation of law, meaning her probation would have ended before the September 2023 probation violation occurred.

The trial court, however, found an exception to the two-year probation limit applied. "The court does believe . . . this to be a violent offense because of the [Penal Code section] 667.5(c) that she had pled to a felony charge and admitted to use of a firearm which does make it a violent offense as well as a strike. And the court—based on that, the court believes she would not have been entitled to relief, whether sought or not. And so for those

5

reasons the probationary period would have existed at the time of the alleged offense or violations."

Willful discharge of a firearm in a grossly negligent manner (Pen. Code, § 246.3, subd. (a)) is not listed in Penal Code section 667.5, subdivision (c). And although Penal Code section 667.5, subdivision (c) includes "any felony in which the defendant uses a firearm which use has been charged and proved as provided in subdivision (a) of [Penal Code] Section 12022.3, or Section 12022.5 or 12022.55," or "[a]ny violation of [Penal Code] Section 12022.53," Weyls admitted personally using a firearm under Penal Code section 1192.7, subdivision (c)(8), which is not mentioned in Penal Code section 667.5, subdivision (c).[3]

Many violent crimes are not listed in Penal Code section 667.5, subdivision (c). "By its terms, section 667.5(c) is not an all-purpose list of violent felonies for use in every aspect of California law. Instead, section 667.5(c) expressly states it is identifying violent felonies only '[f]or the purpose of this section,' and the purpose of section 667.5 is only to impose a sentence enhancement for the specified offenses. There are many decidedly violent felonies, such as rape of a drugged person [citation], sex trafficking [citation], and hostage taking [citation], that are not among the violent felonies listed in section 667.5(c)." (*In re Febbo* (2020) 52 Cal.App.5th 1088, 1101.) But Penal Code section 1203.1, subdivision (*l*)(1) does not exclude all violent crimes from the two-year limit on probation, just those violent crimes listed in Penal Code section 667.5, subdivision (c). (See *People v. Jones* (2023)

---

[3] As to count 1, a sentencing enhancement alleged Weyls used a firearm within the meaning of Penal Code section 12022.5, subdivision (a). As noted, however, count 1 and its attendant sentencing enhancement were dismissed as part of Weyls's plea agreement.

88 Cal.App.5th 818, 822 [where statute creates exception to general rule regarding accrual of credits if a defendant has been convicted of a violent felony listed in § 667.5, subd. (c), the exception does not apply if the defendant is convicted of a violent felony not listed there].) We therefore conclude the trial court erred by ruling Penal Code section 1203.1, subdivision (*l*)(1) applied to Weyls because she committed a violent felony.

IV.

### THE OFFENSE WITH WHICH WEYLS ORIGINALLY WAS CHARGED CARRIED A MANDATORY THREE-YEAR PROBATION PERIOD, MEANING THE TWO-YEAR PROBATION LIMITATION IN PENAL CODE SECTION 1203.1, SUBDIVISION (A), DOES NOT APPLY IN THIS CASE.

Penal Code section 1203.1, subdivision (*l*)(1) also excludes from the two-year limitation offenses that have "specific probation lengths." If the victim of a crime is a person described in section 6211 of the Family Code, and probation is granted, the minimum term of probation is three years. (Pen. Code, § 1203.097, subd. (a)(1).) "[A] defendant who is placed on probation for committing a crime against a victim of domestic violence, as defined by [Penal Code] section 1203.097, has committed 'an offense that includes specific probation lengths within its provisions.' [Citation.] In such circumstances, and in the absence of a contrary legislative indication, the two-year felony probation limitation codified in [Penal Code] section 1203.1, subdivision (a) does not apply." (*People v. Forester* (2022) 78 Cal.App.5th 447, 457–458.)

Family Code section 6211 provides: "'Domestic violence' is abuse perpetrated against any of the following persons: [¶] (a) A spouse or former spouse. [¶] (b) A cohabitant or former cohabitant, as defined in Section 6209. [¶] (c) A person with whom the respondent is having or has had a dating or

7

engagement relationship. [¶] (d) A person with whom the respondent has had a child . . . . [¶] (e) A child of a party . . . . [¶] (f) Any other person related by consanguinity or affinity within the second degree." In *People v. Forester*, the court held Penal Code section 1203.097 applied because the victim of the crime was identified as a victim of domestic violence by Family Code section 6211. (*People v. Forester, supra*, 78 Cal.App.5th at p. 458, fn. 6; see *People v. Qualkinbush* (2022) 79 Cal.App.5th 879, 895 [under Pen. Code, § 1203.097, two-year limit of Pen. Code, § 1203.1 did not apply because victim was defendant's adopted mother].)

Penal Code section 1203.097 focuses on the identity of the victim, not the crime. "But appellant asserts that section 1203.097 is ambiguous as to whether it applies to defendants convicted of crimes that lack a specific reference to any particular victim, such as 'the generic count of assault with force likely to cause serious bodily injury' under section 245, subdivision (a)(1). Appellant urges this court to interpret section 1203.097 to apply only to those crimes that expressly target domestic violence victims. [¶] We hold the language of section 1203.097 is not ambiguous and affirm the trial court's determination that it applies to a violation of section 245, subdivision (a)(1), so long as the facts underlying the assault involve a victim defined in Family Code section 6211." (*People v. Cates* (2009) 170 Cal.App.4th 545, 550.)

If Penal Code section 1203.097 applies, Weyls's probation would not be subject to the two-year limitation in the amendment to Penal Code section 1203.1. The Attorney General argues the trial court's ruling that the two-year limit on probation did not apply should be upheld because the offense to which Weyls pled guilty constituted domestic violence. We agree. The victim was Brad B., Weyls's son. The child of a party is a person identified in Family Code section 6211, subdivision (e). Therefore, under

8

Penal Code section 1203.097, the trial court did not err by finding Weyls was still on probation when she was charged with animal cruelty.

Weyls notes no protective order was issued in connection with the imposition of probation when she pled guilty, although such a protective order is a requirement under Penal Code section 1203.097, subdivision (a)(2). First, Weyls cannot complain of any such error because the error was in her favor. (See *People v. Lee* (1999) 20 Cal.4th 47, 57.) Second, any error by the original sentencing court in failing to impose other mandatory terms does not affect our statutory interpretation.

Weyls correctly notes that the trial court did not rely on Penal Code section 1203.097 in denying her relief. On appeal, however, we consider the trial court's ruling, not the reasons given for it, and must affirm if the ruling is correct on any grounds. (*People v. Zapien* (1993) 4 Cal.4th 929, 976.)

## DISPOSITION

The judgment is affirmed.

GOODING, J.

WE CONCUR:

GOETHALS, ACTING P. J.

DELANEY, J.

9