Filed 10/30/25  P. v. Ramirez CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JOSE ROCHA RAMIREZ,<br><br>    Defendant and Appellant. | D085063<br><br><br>(Super. Ct. No. SCD302492) |

APPEAL from an order of the Superior Court of San Diego County, Theodore M. Weathers, Judge.  Affirmed.

Joshua Peter Visco, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, and Tyler L. Krentz, Deputy Attorney General, for Plaintiff and Respondent.


Jose Rocha Ramirez appeals the order suspending imposition of sentence and granting him probation for three years after a jury found him guilty of assault with a deadly weapon.  Appointed counsel filed a brief in which he raised no claims of error and invited us to review the record

independently for error.  (See *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)
We solicited briefing from the parties on whether the trial court erred by
imposing a probation term longer than two years.  The parties agree the
court did not err.  We affirm.

## BACKGROUND

Ramirez lived in a house with several others, including his son, his
son's fiancée, and their two children.  One morning, Ramirez got upset, went
outside, and started "yelling stuff" about his son's family.  The son went out
to try to placate his father.  Ramirez retrieved a small axe from behind a
trash can, swung it, and threatened to hit his son in the head with it.  The
son tried to take the axe away from Ramirez.  The two men fell to the ground
and struggled.  The son's fiancée observed the struggle from inside the house
and called the police.  The son kept Ramirez on the ground until police
arrived and arrested him.

The People charged Ramirez with assault with a deadly weapon on his
son (Pen. Code, § 245, subd. (a)(1)) and alleged the assault was a serious
felony based on his personal use of a dangerous and deadly weapon in the
assault (*id.*, § 1192.7, subd. (c)(23)).  The jury found Ramirez guilty of the
charge and found the allegation true.  The finding on the personal use of a
deadly weapon made him presumptively ineligible for probation.  (*Id.*, § 1203,
subd. (e)(2).)  Ramirez's counsel nevertheless argued, and the trial court
found, that Ramirez's age, limited criminal history, and willingness to comply
with reasonable conditions of probation made for an "unusual case[ ] in which
the interests of justice would best be served" by granting probation.  (*Ibid.*;
see Cal. Rules of Court, rule 4.413(c)(1)(A), (2)(C).)  The court suspended
imposition of sentence, placed Ramirez on probation for three years, and

ordered him not to contact and to stay away from his son for three years. (Pen. Code, § 1203.097, subd. (a)(1), (2).)

## DISCUSSION

Ramirez's appointed counsel filed a brief summarizing the case, raising no claims of error, and asking us to review the record independently for error. (See *Wende, supra*, 25 Cal.3d at p. 441 [appellate court must "conduct a review of the entire record whenever appointed counsel submits a brief which raises no specific issues"].) Our review of the record raised a question whether the trial court erred by imposing a term of probation longer than the two years prescribed by Penal Code section 1203.1, subdivision (a), and we solicited letter briefs from the parties on the question. In those briefs, the parties agree that because Ramirez's conviction of assault with a deadly weapon qualifies as a crime of domestic violence, the minimum period of probation is three years under section 1203.097, subdivision (a)(1). We agree with the parties.

Penal Code section 1203.1, subdivision (a) generally provides that when a court suspends imposition of sentence and grants probation, the court may do so "for a period of time not exceeding two years." Excepted from the two-year limit is "an offense that includes specific probation lengths within its provisions." (*Id.*, subd. (*l*)(1).) The quoted language "refer[s] not only to the statute defining the elements of the crime, but also to any statutory provisions to which the court must look to determine the proper term of probation." (*People v. Qualkinbush* (2022) 79 Cal.App.5th 879, 895.) A provision the court must consider when the defendant is convicted of "a crime in which the victim is a person defined in Section 6211 of the Family Code" prescribes "a minimum period of probation of 36 months." (Pen. Code, § 1203.097, subd. (a)(1); see *Qualkinbush*, at pp. 894–895; *People v. Forester*

(2022) 78 Cal.App.5th 447, 457–458.)  That provision applies when the victim of an assault with a deadly weapon is a cohabitant or child of the defendant. (Fam. Code, § 6211, subds. (b), (e); *People v. Rodriguez* (2022) 79 Cal.App.5th 637, 641; *People v. Cates* (2009) 170 Cal.App.4th 545, 550.)  Because Ramirez used a deadly weapon to assault a son with whom he lived, the trial court correctly put him on probation for three years.

DISPOSITION

The order suspending imposition of sentence and granting probation is affirmed.

IRION, Acting P. J.

WE CONCUR:

DO, J.

RUBIN, J.

4